Albaugh, J.
This is an action in replevin brought by the defendants in error to recover certain personal property described in the petition.
The answer is a general denial.
A jury was waived, and the case was submitted to the court upon the testimony of the respective parties. The court found the conclusions of fact separate from the conclusions of law, and rendered judgment in favor of the defendants in error. A petition in error is now filed to reverse that judgment, upon the ground that it is contrary to law.
The conclusions of fact as found ‘ are in substance: that oh the 20th of November, 1889, John Y. Spangler, a widower without minor child or unmarried daughter, was the owner of the property described in the petition. At that time he was indebted to the Farmers’ Bank one hundred dollars, and to the City National Bank one hundred dollars. On the above date he executed to the plaintiffs a note for five hundred dollars, payable in annual installments of one hundred dollars each, and to secure the payment of the same he executed and delivered to them a chattel mortgage upon all the property described in the petition, and at the same time he conveyed to them by quit-claim deed a life estate in certain lands, which was all the property he then owned, and received from the plaintiffs a contract, which is in substance as follows: That *222 ■said William and Ada A. Koons agreed to take care of said Spangler for and during the remainder of his life, and agreed to furnish him with clothing, food, medicine and medical .attendance and all the necessaries of a comfortable living at their home in Massillon for and during his natural life. For .and in considei’ation of which said Spangler executed and delivered to said Koons his note for five hundred dollars due in five years, in one hundred dollar installments, secured by chattel mortgage, and sold and conveyed to them by his quit-claim deed, his interest in about seventy-one acres of land in Perry township, Stark county, said interest being his life estate.
This contract was signed by the parties.
There was no other consideration for said notes or mortgage and quit-claim deed, and that the same was for the future support and maintenance of the said Spangler. On December 23d, 1889, the Farmers’ Rank recovered a judgment against him in the sum of $103.75, and on January 6th 'following, the City National Bank also recovered a judgment against him, its claim being for $102.33. Executions were issued upon these judgments, and placed in the hands of the defendant as sheriff, and on the 9th day of January levies were made on the personal property described in the petition.
“And as conclusions of law the court find's that in the giving and taking of said chattel.mortgage there wasnointentiononthe part of the plaintiff or Spangler to defraud his creditors. That said chattel mortgage was a valid lien on said property, and that the plaintiffs are entitled to the possession thereof, and to the security provided by said mortgage, and that the said property is unlawfully detained from the plaintiffs.”
Thereupon the court rendered judgment in favor of the defendants in error, to which the plaintiff in error excepted.
As has been seen, the court found" that all the property owned tq7 Spangler was transferred to the defendants in error; that the only consideration upon which the note was founded was the future support and maintenance of Spangler during his natural life, and that before and at the time of the exccu *223 tion of the chattel mortgage which was given to secure this note, and under which the property is claimed, he was indebted as set forth in the finding of fact. ■ So that the question presented here is, whether a debtor can by contract transfer all his property to another upon the sole consideration of future support and maintenance, to be rendered to himself during his life by the person receiving such property, to the prejudice of his creditors. The claim is made that the effect of such an arrangement is to hinder and delay creditors in the collection of their claims and placing the property beyond their reach.
We have no doubt, from the nature of the transaction, that Spangler’s object was to place this property beyond the reach of his creditors, and that as between him and his creditors the contract would be clearly void. But it is contended that inasmuch as there is no finding that the defendants in error knew of the intent to defraud on the part of Spangler, they cannot be charged with his mala fides. And it is further claimed that there is a finding of fact that there was no intent on the part of the defendants or Spangler to defraud his creditors.
. The defendants were legally bound to take notice of the necessary results of their acts in the execution of this contract. They knew that it would operate for the benefit of Spangler; that the transfer of the property by the chattel mortgage was substantially in trust for himself, and that it left nothing with which he could pay his debts, if he had any. This being the legal presumption, they took the property subject to whatever rights the creditors might have, and before they could enforce such a contract, or make claim to the property under it, they were bound to see that the claims of creditors were satisfied.
As to the second proposition, it is enough to say that the court does not find as a conclusion of fact that the defendants or Spangler did not intend to defraud his creditors; the finding that is made upon that subject is a conclusion of law which the court arrives at from the execution and delivery of the *224 chattel mortgage alone, in the absence of any other proof. The holding of the court was as to the law, that there must be proof of intent to defraud. While perhaps-it would be necessary that the facts should' show an intent to defraud on the part of the defendants in order to invalidate the contract on the ground of actual fraud, it would not be necessary in a case of constructive fraud. The nature of the transaction under all the circumstances was fraudulent; if not an actual fraud, the transaction was clearly a constructive fraud upon the creditors of Spangler, which would invalidate the contract the same as if it was an actual fraud.
In Jamasin v. McNally, 21 Ohio St. 304, it is said , that to the extent that a conveyance is found to work a-fraud, to that extent is fraud presumed to have been intended. If the intent exists, it is immaterial under the statute whether its existence is proved by evidence directly, or is to be inferred as a matter of law from the nature of the transaction.
In Coolidge v. Melvin, 42 N. H. 510, it is held, that all conveyances with a secret trust reserved to the vendor are fraudulent and void as to creditors, and when the trust is shown, fraud is an inference of law that the court is bound to pronounce. Such trusts are proved to exist when the conveyance is absolute on its face, but with an agreement, either verbally or in writing, for a re-conveyance upon some terms, or where upon such absolute sale of lands, the use and possession is retained by the vendor. So if the consideration of the conveyance in whole or in part be an obligation for the future-support of the grantor.
See also Morrison v. Morrison, 49 N H. 459; Gunn v. Butler, 35 Mass. 248; Crane v. Stickles, 15 Vt. 257; Stanley v. Robbins, 36 Vt. 432; 9 Cowen, 73; 52 Mich. 7.
Again, section 4195 of the statutes provides, “that all deeds of gift and conveyances of goods and chattels, made intrust to the use of the person or persons making the same, shall be andaré hereby declared to be void and of no effect.”
The effect of the contract- in this case was to transfer all *225 property to the defaudants, in trust for the benefit of Spangler. While the identical property was not to remain in their hands and be, expended for his support and maintenance during his life, the support to be rendered by the defendants was, to be the equivalent or value of such property, and therefore, inured directly to his benefit.
Wann & Bow and J. J. Clark, for plaintiffs in error.
Otto E. Yoim.g and Mong & McCarty, for defendants in error.
The transfer having been constructively fraudulent, it could only be sustained in favor of one not guilty of any actual fraud to the extent that actual consideration had been paid, and there is npthing in the record to show that any maintenance or support had been furnished before the commencement of the suit.
If such a contract could be enforced, it would in a majority of cases place the creditor entirely at the mercy of the debtor. He may have property sufficient to satisfy all his indebtedness, yet he would be able to avoid the payment of his debts by making full and ample provision for himself and family during his life, and thereby place it entirely beyond the reach of his creditors. •
For the error in rendering the judgment in favor of the defendants in error-upon the facts as found by the court, the judgment must be reversed.