PETER L. RYNEARSON v. JESSE W. TURNER, CYRIL H. TYLER, ELI H. COLLAR, MARIA LYNN, GEO. W. LYNN ET AL.

*Sureties on bond—Contribution—Consideration.—Creditor's bill against representatives of co-surety—Circuity of action—Status of heirs.*

1. A bill in equity for contribution from the representatives of a surety on a bond will lie in the circuit court if the case involves an inquiry into the liability and solvency of the other sureties that cannot be settled before the probate court or commissioners.

2. An agreement to support one's parents is not, as against creditors, a valid consideration for a deed from the parents if made with the purpose of putting the property beyond the reach of execution; such an agreement is for the direct benefit of the grantors.

3. Where a surety on a bond has had to pay the whole of a judgment recovered thereon, his position as a judgment creditor of the other defendants is as perfectly defined as if he had taken a new judgment for the amount they owe him in contribution; and a creditor's bill filed by him against the representatives of a deceased co-surety should not be dismissed for that reason where no other creditors have sought to prove claims and all the facts have been investigated in a proceeding to which the co-surety's administrator is a party. It would be circuity of action to require the co-surety's administrator to file the bill in behalf of creditors.

4. Heirs are not, as such, held responsible for the delinquencies of their ancestors, in the probate system of Michigan.

Error to Kalamazoo.    (Mills, J.)    Oct. 17–18.—Oct. 31.

CREDITOR's bill, etc.    Complainant appeals.    Reversed.

*Edwards & Stewart* for complainant, cited as to jurisdiction 1 Story's Eq. Jur. §§ 492–6; Adams' Eq. 267–270; 4 Bouv. Inst. 227; a transfer for a pre-existing dèbt is no protection against creditors: Bump. on Fraud. Conv. 483; Willard's Eq. Jur. 256; *Padgett v. Lawrence* 10 Paige 170; an agreement to support the debtor or his family is not sufficient to uphold a transfer when the grantor is insolvent: Bump 214–218; *Jackson v. Parker* 9 Cow. 73; *Robinson v. Stewart* 10 N. Y. 189; *Albee v. Webster* 16 N. H. 362; *Church v. Chapin* 35 Vt. 223; *Gunn v. Butler* 18 Pick. 248; a debtor's reservation of support for himself and famity for a limited time or for himself and wife while they live or a stipulation for payment of debtor's current family expenses before payment of any debts, is void as against creditors: *Mackie v. Cairns* 5 Cow. 547; *Richards v. Hazzard* 1 Stew. & P. 139; *Johnston v. Harvey* 2 P. & W. 82; *Henderson v. Downing* 24 Miss. 106; *Harris v. Sumner* 2 Pick. 129; to support the plea of a bona fide purchaser, not only must there be no notice of plaintiff's rights before purchase, but that the purchase money was paid before such notice; and though the purchase money was secured, if not in fact paid before notice, it will not maintain the plea: *Jewett v. Palmer* 7 Johns.

Ch. 65; *Harrison v. Southcote* 1 Atk. 538; *Story v. Lord Windsor* 2 Atk. 630; *Hardingham v. Nicholls* 3 Atk. 304; *Hildreth v. Sands* 2 Johns. Ch. 35; *Sands v. Hildreth* 14 Johns. 493; the law implies no promise to pay for services rendered by members of a family to each other; such services are not performed in the expectation or on the faith of receiving compensation: *Updike v. Titus* 13 N. J. Eq. 151; *Hack v. Stewart* 8 Penn. St. 213; *Van Wyck v. Seward* 18 Wend. 375.

*Oscar T. Tuthill* for defendants. Everything pertaining to the settlement of estates must be brought in the probate court by the executor or administrator: *Bate v. Graham* 11 N. Y. 237; *Brownell v. Curtis* 10 Paige 218; *Babcock v. Booth* 2 Hill 186; *Dox v. Backenstose* 12 Wend. 543; *Kellogg v. Aldrich* 39 Mich. 578; *Morris v. Morris* 5 Mich. 182; *Holbrook v. Campau* 22 Mich. 289; *Patrick v. Howard* 47 Mich. 40; *Green v. Probate Judge* 40 Mich. 244; nothing can be done in equity which could be as well or better done in other tribunals where the case was already under jurisdiction: *Shelden v. Walbridge* 44 Mich. 252; *Dickinson v. Seaver* 44 Mich. 630; *Pitcher v. Douglas* 37 Mich. 341; equity cannot relieve a creditor until his demand is established at law: *Dunlevy v. Tallmadge* 32 N. Y. 457; the remedy at law must be exhausted: *Tyler v. Peatt* 30 Mich. 63; a creditor at large must submit to the remedy given by law: *Shannon v. Shannon* 48 Mich. 183; a claim against an estate cannot be recognized until it has been allowed: *Clark v. Davis* 32 Mich. 154; an administrator paying any other claim would be liable: *Palms' Appeal* 44 Mich. 637; claimants must follow the statute; *Winegar v. Newland* 44 Mich 370; see also *Patton v. Bostwick* 39 Mich. 218; *Wheeler v. Arnold* 30 Mich. 304; *Hill v. Bowman* 35 Mich. 192; *McElroy v. Hatheway* 44 Mich. 401; a debtor's preference of his wife against other creditors will be upheld: *Brigham v. Fawcett* 42 Mich 542; *Allen v. Antisdale* 38 Mich. 229; *Jordan v. White* 38 Mich. 253;

a conveyance made with intent to delay creditors will not be set aside unless it appears that the purchaser did not buy in good faith and for value : *Spring Lake Iron Co. v. Waters* 50 Mich. 13.

CAMPBELL, J. This is a bill filed by a surety against the principal debtor, two surviving co-sureties and the representatives of a third, to obtain contribution towards a debt which complainant paid in full. The bill also attempts to reach property of the deceased co-surety alleged to have been conveyed in fraud of complainant. The ground of action was that in 1870, Jesse W. Turner, desiring to get rid of an injunction granted against him at the suit of Benjamin Atwood, in Kalamazoo county, complainant and William Lynn, Cyril Tyler and Eli H. Collar signed a bond with Turner agreeing to perform any decree which might be rendered in said cause. The decree, which was in a foreclosure suit, being granted in favor of Atwood and affirmed by the Supreme Court, was executed, and resulted in a deficiency after sale. Suit was then brought on the injunction bond, and judgment rendered in May, 1879, for $1402.55 and costs, which complainant paid. He now alleges that the other sureties and principal are irresponsible, and asks relief to the extent of half his outlay, against the estate of Lynn, who is dead. And he seeks to reach the property of Lynn conveyed under the following circumstances :

On May 26, 1876, Lynn conveyed to his son George W. Lynn, by deed not recorded till November 9, 1877, a farm known as the northwest quarter of section 12, town 4 south of range 9 west, (except a small parcel of half an acre,) for a consideration expressed in the deed at $12,000. George W. Lynn mortgaged the property, by mortgage bearing date the same day with the deed, for $1200. This mortgage was not recorded until May 23, 1879. William Lynn also transferred considerable personal estate to his son George with the farm.

This conveyance to George W. Lynn was made, if cor-

rectly dated, but a short time before the foreclosure decree, which was rendered in June, 1876; and the record of George W. Lynn's mortgage to his mother, the defendant Maria Lynn, was recorded on the day when the verdict was rendered on the bond against complainant.

William Lynn died intestate in September, 1878, and, so far as appears, left no estate. An administrator was appointed, who is a defendant in this cause. Complainant claims that the dealings with George were fraudulent, and seeks to subject the property to the payment of Lynn's half of the debt, the other parties being insolvent. Maria Lynn and the remaining children of William Lynn are brought in as in fact enjoying the possession with George as heirs of their father.

Defendants answered, claiming the benefit of a demurrer, and also setting up the good faith of the bargain and dealings. Testimony was taken on this subject. The court below dismissed the bill on the ground that the jurisdiction belonged to the court of probate, and was beyond the equity powers of the circuit court. It is also claimed that complainant is not entitled to relief because not a judgment creditor.

We think the court erred in taking this view of the jurisdiction. The determination of the terms of contribution involved an inquiry into the liability and solvency of Turner, Tyler and Collar as well as of Lynn's estate, and these complex equities could not be settled before the probate court or commissioners. To that extent, at least, the bill was well founded on any theory, and inasmuch as the jurisdiction was necessary to determine Lynn's share, there was nothing left after such determination to be ascertained. And while it would probably be convenient for purposes of administration to have this amount in some way certified and found in the probate records, there could be no revision of it after the decree once fixed the sum of the liability. The bill could not properly be dismissed.

A somewhat different question arises concerning relief

against the property. But inasmuch as Lynn's insolvency might have some effect on the other sureties, it seems to have been necessary to inquire whether he was insolvent in fact. So that, at any rate, there was sufficient ground for investigating the facts. It depends, therefore, on the result of that investigation how far we need inquire into the further questions as to relief.

The value of the land in question is variously estimated. It does not appear to have been worth $12,000, but it may be roughly placed at between six and seven thousand dollars. We are inclined to credit substantially the defendant's theory, that George W. Lynn, who had been working for his father for some years, was anxious to set up for himself and wished to have his pay for his past services to enable him to purchase a smaller farm. The claim is that it was proposed that he should take this, and give a mortgage to his mother for $1200 and pay off debts of about $800, cancel his own claim, and support his parents. The evidence is not satisfactory upon all these points, but it is, we think, beyond question that a very considerable part of the consideration, in order to make up the full value of the property, would consist of the agreement to support Lynn and wife. As against his creditors no such provision could be sustained. It would be a provision for the direct benefit of the grantor. It is difficult to believe the arrangement was not made with some idea on George's part that the scheme was for the purpose of defeating the recovery on this suretyship obligation. But, be this as it may, William Lynn could not make such an arrangement lawfully, and the whole matter appears to have been left at loose ends, without any such action as could place George in the position of a bona fide purchaser who had paid the consideration in full. It is evident that the amount left open was considerably larger than would suffice to pay this debt, and we think George must account for it.

The only remaining question is whether this relief can be granted in the present case. The objection made is that

complainant is not a judgment creditor, and that the bill should be filed by the administrator of William Lynn, under the statute, to avoid the conveyance on behalf of the creditors who were to indemnify him for so doing. It does not appear that other creditors have proved claims, or sought to have this done. And in our opinion the facts having all been investigated and the conclusion having been pertinent to the inquiry, there is no reason for circuity of action. Complainant is entitled to the same consideration as an ordinary judgment creditor, since his position as a judgment defendant defines his rights as perfectly as a new judgment would. And, inasmuch as the administrator is a party to the record, every one interested is before the Court, and full justice can be done.

The decision is not put upon the ground of holding heirs responsible as such. Our probate system has abolished that method. But the case is one of a creditor seeking relief against a conveyance made in his fraud.

We think that a decree must be made that complainant is entitled to contribution from William Lynn's estate in the sum of one-half of the judgment and costs paid by him, with interest from the date of payment, and that unless George W. Lynn pay the amount, with costs of this Court and of the circuit court, within four months, then a sale may be made by a circuit court commissioner of so much of the land as is necessary, subject to the mortgage to Mrs. Lynn.

The decree must be reversed, with costs of both courts, and a new decree entered accordingly.

GRAVES, C. J., and COOLEY, J., concurred. SHERWOOD, J. did not sit in this case.