·Irish et al v. Bradford et al.

1. **Fraudulent Conveyance:** FATHER TO SON: EVIDENCE ESTABLISH-ING. Upon consideration of the evidence in this case, it is *held* sufficient to justify the decree of the circuit court in setting aside a conveyance of land from father to son as being in fraud of creditors.

2. ———: CONSIDERATION: SERVICES OF DAUGHTERS WHILE MEMBERS OF FAMILY. Notes given by a father to his daughters, in consideration of services rendered by them while members of his family, do not constitute a valid consideration for a conveyance of land as against creditors sought to be delayed and defrauded thereby.

3. ———: FATHER TO SON: GUILTY KNOWLEDGE OF SON: CONSIDERATION. Where a son takes a conveyance from his father with knowledge of the latter's indebtedness, and of his intention by making the conveyance to defraud his creditors, the larger part of the alleged consideration being fictitious, the law will regard him as guilty of fraud in aiding the father's purpose, and will set aside the conveyance, even though he may have paid some real consideration therefor.

*Appeal from Van Buren Circuit Court.*

WEDENSDAY, SEPTEMBER 17.

ACTION in chancery to subject, by a creditor's bill, certain property to judgments recovered by plaintiffs. There was a decree in favor of plaintiffs. Defendants appeal.

*Charles Baldwin* and *Work & Brown*, for appellants.

*Robert Sloan* and *Lee & Wherry*, for appellees.

BECK, J.—I. The plaintiffs, J. D. Irish and S. Edward Irish, allege in their petition that in August, 1880, each severally recovered a judgment against Albert Bradford, one of the defendants; that in the preceding April the defendant in these judgments conveyed certain lands, which constituted all of his property, to his co-defenant and son, Walter Bradford; that the conveyance was without consideration and fraudulent, and made for the purpose of defeating the collection of

plaintiffs' claims, and to cheat, defraud and hinder the credi-
tors of Albert generally, and that plaintiffs' judgments have
not been paid.  The plaintiffs pray that the land so conveyed
may be made subject to their judgments, and the deed thereto,
executed between the defendants, be declared fraudulent and
void as against the claims of plaintiffs; that defendants ac-
count for all property of Albert held by them, and for such
other relief as equity may demand.  The defendants, in their
joint answer, admit the conveyance and the judgments as
alleged in the petition, but deny all other allegations thereof.

II.  The evidence shows that Albert Bradford, who before
had been a farmer, about the year 1876 commenced the busi-
ness of selling goods.  His son Walter had cultivated his
farm, or a part of it, as a tenant for some time prior to 1875,
when they entered into some arrangement for uniting their
stock and cultivating the farm on a joint account, the son
devoting his time to the management of the business.  The
father contracted indebtedness in his mercantile business, and
evidently was not in a condition to pay his debts in April,
1880, if, indeed, he was not insolvent.  At that time, he con-
veyed all his lands to his son.  The father and son unite in
the statement that the son paid more than $9,000 for the
property, largely by the cancellation of claims held by the son
for money loaned to and advanced for the father.  The son,
as part payment of the purchase price of the farm, assumed
the payment of a certain mortgage on the lands for about
$1,500, and also the payment of $2,000 to two sisters, who
separately held notes given by the father to them.  These
notes were given for services rendered by the sisters while
living with the father.  According to the statements of the
son, he realized as his share of the profits of the farm, which
contained something over two hundred acres of plow land,
about $5,000 in four years, which he loaned to his father, and
used in the purchase of the land.  It cannot be doubted that
the son had knowledge of the father's condition, and was in-
formed of his purposes in selling the farm.  He must also

Irish et al. v. Bradford et al.

2. ——— : consideration: services of daughters while members of family. have known that the notes to the daughters were executed in consideration of services rendered by them to the father, while they were members of his family. These notes must be regarded as voluntary, and without any real consideration. The purpose of the father was evidently to put his property into his children's hands, so that it could not be reached by his creditors. While it cannot probably be said that the son paid nothing upon the purchase of the land, we cannot bring ourselves to believe that his profits in conducting the farm, and he was engaged in no other business, reached the sum which he claims was used by him in loans and advances to his father.

Having a knowledge of his father's purposes, (which must be presumed,) of his indebtedness, and his transactions 3. ——— : guilty knowledge of son: consideration. in executing the notes to his daughters without consideration, the law will regard the son as guilty of fraud in aiding the purpose to defeat creditors, even though he may actually have paid a part of the consideration for the farm. It follows from these views that the conveyance from the father to the son, as against plaintiffs, must be regarded as fraudulent and void, and that they may enforce their judgments against the lands in question.

The evidence shows that August 19, 1880, plaintiff, S. Edward Irish, recovered a judgment for $595.60, with costs to the amount of forty dollars and fifty-nine cents, and plaintiff, James D. Irish, on the same day recovered judgment for $300, with twenty-six dollars and sixty-one cents costs. A decree will be entered, at the option of plaintiffs, in this court, in accord with this opinion, which shall provide that the lands in question, or so much thereof as may be necessary, shall be subject to sale upon executions to be issued upon these judgments. Should plaintiffs so elect, the cause will be remanded to the circuit court for the entry of such a decree therein.

AFFIRMED.