THE OGDEN STATE BANK, A CORPORATION, RESPONDENT, v. WILLIAM BARKER AND OTHERS, APPELLANTS.

12    13
12    27
12    236
12    13
f25   172

1. CREDITOR'S BILL.—VOLUNTARY CONVEYANCE.—CONSIDERATION.—The recital in a debtor's deed to his children that it was made for a nominal consideration is conclusive against him in an action by creditors to set aside the deed for fraud.

2. ID.—ID.—ID.—EVIDENCE.—In an action by creditors to set aside a deed, evidence that it was made by a debtor to his children for services rendered by them, is not admissible to contradict a recital that it was made for a nominal consideration, especially where the debtor was legally entitled to such services.

3. ID.—VOLUNTARY CONVEYANCE.—WHEN VOID.—A deed made to children for a nominal consideration, whereby the grantor is rendered unable to meet existing debts, is void.

4. ID.—ID.—WHEN CONSTRUCTIVELY FRAUDULENT.—A voluntary conveyance of land by a debtor, who is thereby rendered insolvent, is constructively fraudulent as to existing creditors without proof of actual fraud, though the grantee had no knowledge of the fraud.

5. ID.—ID.—INSOLVENCY OF DEFENDANT.—PLEADING.—Where it may be inferred from the whole bill in a suit to set aside a conveyance for fraud that defendant was insolvent at the time of the conveyance, an express allegation to that effect is unnecessary.

6. ID.—ID.—ID.—Under 2 Comp. Laws 1888, § 2838, providing that every conveyance made with the intent to delay, hinder or defraud creditors shall be void, an allegation in a creditor's bill to set aside a conveyance that the grantor was insolvent at the time of the conveyance is unnecessary.

7. REPORT OF MASTER.—PRESUMPTION AS TO INCOMPETENT EVIDENCE.—Where evidence was taken by a master and reported to the court, it will be presumed that incompetent evidence offered by either party was not considered by the court in rendering its decision on the evidence reported.

8. FRAUDULENT CONVEYANCE.—SCOPE OF THE EVIDENCE.—Evidence

which throws any light upon an alleged fraudulent conveyance is admissible in a suit to set it aside.

(No. 538.   Decided June 3, 1895.   40 P. R. 765.)

APPEAL from the District Court of the Fourth Judicial District.   Hon. James A. Miner, *Judge.*

Action by the Ogden State Bank against William Barker and others to set aside a certain voluntary conveyance as fraudulent.   From a judgment · for plaintiff and from an order overruling their motion for a new trial, defendants appeal.   *Affirmed.*

*Messrs. Richards & MacMillan,* for appellants.

. The contention of the defendants is that the deed to Franklin J. and Leroy Barker was made in good faith, and for a valuable consideration, and to pay an honest obligation between the parents and children, which arose under a contract entered into between them long before any debt was contracted or assumed by William Barker to this plaintiff.   The plaintiff alleges fraud, but defendants contend that it fails to support any such allegation by any evidence, however slight.   Nor does it attempt to show that if fraud existed in the mind of the father that it was participated in by the sons in any manner, or that even they knew anything about it.   *Priest* v. *Brown,* 35 Pac. Rep. 325, and citations.   And it cannot be set aside for fraud of the grantors, in which the grantees did not participate.   *Priest* v. *Brown, supra*; *Bank* v. *Northrop,* 22 N. J. Eq. 58; *Foster* v. *Hall,* 12 Pick. 89; *Cohn* v. *Knox,* 90 Cal. 273; 27 Pac. 215.

The court cannot take it for granted that fraud has been committed.   It must appear so from the testimony. And the court will bear in mind that none of the wit-

nesses were before the judge who decided this question in the lower court. The testimony was taken before a master in chancery and reported to the court. Therefore this court is just as good a judge of the credibility of the witnesses as the lower court was, and we say when a party relies upon fraud he must clearly prove it. *Joyce* v. *Joyce,* 5 Cal. 163; *Dongman* v. *Randall,* 13 Cal. 512; *Rico* v. *Spence,* 21 Cal. 496; *Brandolb* v. *Whitney,* 54 Cal. 586; *Jarnat* v. *Cooper,* 59 Cal. 706; *Estate of Kidder,* 66 Cal. 490; *Walker* v. *Collins,* 59 Fed. 73 (C. C. A.); *Kitchen* v. *McCloskey,* 3 Am. St. Rep. 811, and note on p. 816. And the person assailing a deed as fraudulent assumes the burden of showing that it was executed in bad faith, and that it left the grantor insolvent and without property to pay his existing debts. *Kain* v. *Larkin,* 30 N. E. 106 and citations.

A parent is not forbidden to sell to his child, therefore relationship of the parties does not of itself warrant a finding of fraud. *Kelly* v. *Fleming,* 18 S. W. 82; *Gray* v. *Galpin,* 33 Pac. 726; *Eichholtz* v. *Holmes,* 35 Pac. 606. And when a substantial consideration can be shown, or if circumstances would render inequitable the annulment of a conveyance from parent to child, though the parent is insolvent, if there is no actual fraud, the deed may be permitted to stand. If the relation of debtor and creditor exist between father and child the father may lawfully prefer his own blood, when the facts conclusively establish such relation, the further act of kinship should not be permitted to militate against it. 2 Warvelle on Vendors, pp. 636–637; *Seymore* v. *Briggs,* 11 Wis. 196; *Donly* v. *Ray,* 6 South. Rep. 324. The intention of the parties in making the conveyance may be shown by the defendant's oath. *Rice* v. *Rogers,* 34 Pac. 796 and citations; *Priest* v. *Brown, supra* Preference may be given to creditors by a failing debtor. *Kitchen* v. *McCloskey,* 30 Am. St. Rep. 811;

*Priest* v. *Brown, supra; Bank* v. *Naill,* 34 Pac. 797, and citations; *Bank* v. *Ridenour,* 26 Am. St. Rep. 167 and note on p. 174. And a creditor may protect himself by buying out his debtor, although the other creditors may suffer thereby. *Davis* v. *McCarthy,* 34 Pac. 399. A court of equity would have forced the father to convey the premises to his sons, in an action of "specific performance." Besides, if the boys were equitably entitled to the property, the creditors of the father lost nothing by the transfer. *Davis* v. *Howard,* 26 N. Y. Sup. 195 and citations; *Brinton* v. *Van Cott,* 33 Pac. 220, 8 Utah, 480 and citations.

*Mr. W. A. Lee, Mr. H. H. Henderson,* for respondent.

A bill in aid of execution is a well recognized remedy in chancery courts and differs from the ordinary creditor's bill in that the execution need not, and in fact should not be returned, and also in the respect, by the great weight of authority, that it is immaterial as to whether or not the judgment debtor has other property to satisfy the debt. If the judgment debtor has encumbered the title, or in any manner placed obstructions in the way of his judgment creditors, they have a right to go into a court of equity to have the same removed. *Enright* v. *Grant,* 5 Utah, 400; *Hager* v. *Shindler,* 29 Cal. 56; *McElwain* v. *Willis,* 9 Wend. 548; *Cronell* v. *Radaway,* 22 Wis. 251; *William* v. *Hubbard,* Walker's Chancery (Ewell), 28; *Beach* v. *White,* Id. 499; *Thayer* v. *Swift,* Harrington's Chancery, 432; *Bean* v. *Bennett,* 51 Mich. 149; *Clarkson* v. *DePeyster,* 3 Paige, 320.

The conveyance from the father to his sons, being purely voluntary, without consideration, is as to the creditors of the father, wholly void, irrespective of what the intent of the parties, either as grantor or grantees, was. 8 Am. &

Eng. Enc. of Law, 735; Wait's Fraud. Con. § 9; *Hager* v.
*Shindler,* 29 Cal. 56; *Judson* v. *Lyford,* 84 Cal. 506;
*Houston* v. *Blackman,* 41 Am. Rep. 756; *Shaw* v. *Tracy,*
83 Mo. 224; *Strong* v. *Lawrence,* 58 Iowa, 55; *Crawford*
v. *Logan,* 97 Ill. 396; *Watson* v. *Melchor,* 42 Mich. 477;
*Snyder* v. *Free,* 21 S. W. R. 847. For while the weight
of authority is to the effect that a greater or less consid-
eration, if it be valuable, than that expressed in the deed,
may be shown by parol, a different kind from that recited
in the deed cannot be shown. Bump on Fraud. Con.
579; Wait's Fraud. Con. §§ 220, 221. As the record
stands, the only consideration then for this conveyance by
William Barker to his sons is that of one dollar, which is
in law no consideration whatever. 8 Am. & Eng. Enc. of
Law, 759; *Strong* v. *Lawrence, supra; Houston* v. *Black-
man, supra; Bohannon* v. *Combs,* 79 Mo. 305. Can it be
that a debtor can use money obtained from a creditor in
the purchase of realty, and when that creditor seeks liqui-
dation of the debt the debtor may deed the property to
his sons in consideration of some verbal promise made to
them while they were yet minors? Courts of equity, since
the beginning, have laid down the law to be otherwise.
We subjoin a few of the authorities on this question:
*Gardner* v. *Schooley,* 25 N. J. Eq. 150; *Coleman* v. *Burr,*
93 N. Y. 17; *Irish* v. *Bradford,* 64 Iowa, 303; *Rynearson*
v. *Turner,* 52 Mich. 7; *Dowell* v. *Appelgate,* 15 Fed. Rep.
419; Wait's Fraud. Con. § 218.

BARTCH, J.:

This is an action in the nature of a creditors' bill, brought
by the plaintiff, who is a judgment creditor of William
Barker, one of the defendants, to set aside and declare
null and void a certain deed by which William Barker and
his wife Mary Ann Barker, conveyed certain lands to their

sons, the defendants, Franklin J. Barker and Leroy Barker, on the ground that said conveyance was fraudulently made for the purpose of hindering and delaying the plaintiff in collecting its judgment. The case was referred to a master in chancery to take and report the testimony. A return of the evidence having been made, the court, after considering the same and hearing arguments of counsel, entered judgment thereon setting aside and canceling the deed, and ordered the property thereby conveyed to be sold to satisfy the judgment of the plaintiff. A motion for a new trial was made and overruled, and thereupon the defendants appealed both from the judgment and order overruling the motion for a new trial, assigning various errors.

It is alleged in the complaint, substantially, that on September 17, 1892, the plaintiff obtained a judgment in the court of the Fourth Judicial District against the defendant William Barker and one James Iverson for the sum of $4,003.40, in a foreclosure suit; that on October 10, 1892, the mortgaged premises were sold to satify said judgment, and $1,700 realized thereon, and on October 12, 1892, a deficiency judgment was docketed, in the sum of $2,375.55; that thereafter on February 10, 1893, a writ of execution was issued against the property of said Barker and Iverson, which was returned *nulla bona;* that on April 20, 1892, and after he had contracted the debt upon which the judgment was recovered, William Barker and his wife conveyed the premises described in the deed to their sons; that they so conveyed the same without consideration, for the purpose of hindering, delaying, and obstructing the plaintiff in collecting its judgment, all parties knowing that the deed was fraudulent; that said William Barker, after the conveyance, remained in possession of the land; that said Barker and Iverson are insolvent, and plaintiff is without remedy at law; and

that the premises, unincumbered, are worth about $3,000 but, if sold with said clouds thereon, would not satisfy the judgment. The defendants, in substance, deny that the grantors remained in possession since the conveyance or that there was no consideration for the deed, or that the conveyance was made to cheat, defraud, hinder, or delay plaintiff or other creditors, or that the premises are worth more than $1,250, or that William Barker and James Iverson are, or either of them is insolvent, or that plaintiff is without a remedy at law. It will be observed that neither the corporate existence of the plaintiff, nor its judgment against the defendant William Barker, valid and unsatisfied, is denied. Nor is the issuance of the execution against the property of Barker and Iverson, or the return *nulla bona*, denied. Nor it it denied that defendants William Barker and wife were the owners in fee of the land, or that the conveyance to their sons was made after the debt, which was merged in the judgment, was contracted. All the facts not denied are admitted to be true, and upon the trial the court found all the issues raised in the pleadings, in favor of the plaintiff, as appears from the findings of facts. Under the pleadings and facts thus shown by the record, counsel for the appellants insist that the deed in question was made in good faith, and for a valuable consideration, to pay an honest obligation between parents and children, which they contend, arose under a contract entered into between the parents and children long before any debt to this plaintiff was contracted or assumed by William Barker.

The first question to be considered is whether the conveyance was made for a valuable consideration, in good faith, and not merely to defraud, hinder, or delay the creditors of William Barker. The effect of the consideration expressed in a deed is to estop the grantor from denying that the deed was executed without a considera-

tion, and to prevent its operation as a resulting trust in the grantor. When a consideration, though merely nominal, is expressed, whether founded thereon or not, the deed may be valid and operative, as between the parties; but, when assailed by the creditors of the grantor, it may be void as to them, because not founded on a valuable consideration. Such would be the effect in a case where the demands of the creditors were in existence at the time when the deed was executed, if the operation of the deed would put it beyond the power of the grantor to meet his liabilities; and in such case, if the creditors of the grantor attack the conveyance as fraudulent and made to hinder or delay them in the collection of their claims, the burden of proof is upon the grantee, or those claiming under him, to show such a consideration, as will release the conveyance from such imputation, and for such purpose the fact that a consideration is recited in the conveyance is not evidence as against creditors whose claims accrued prior to its execution, for such recital is the mere declaration of the grantor. The consideration clause in a deed does not prove that the deed was founded on a valuable consideration, or on any consideration. Hence, where the consideration expressed is one dollar, it may be shown that a larger sum was actually paid. So, where a larger sum is expressed, it may be shown that a less sum was actually paid. But an entirely different consideration from that expressed cannot be shown by parol evidence, when the deed is assailed by creditors, because this would be to vary the terms of a contract, the stipulations of which were reduced to writing by the parties. In the absence of mistake or fraud, the written instrument speaks for itself, and, when attacked by creditors, its stipulations are conclusive as to the grantor and grantee; and the instrument cannot be supported by falsifying its recitals, because they must be presumed to have been made and accepted deliberately,

and to express the intention of the parties thereto. The law presumes that every man intends the necessary and natural consequences of his own acts, and where the proximate and natural results of a debtor's acts are to hinder, delay, or defraud creditors, it will be presumed that he intended his acts to produce such results. *Snyder* v. *Free* (Mo. Sup.), 21 S. W. 847; *Belden* v. *Seymour,* 8 Conn. 304; *Houstan* v. *Blackman,* 66 Ala. 559; 8 Am. & Eng. Enc. Law, p. 753; *Goodspeed* v. *Fuller,* 46 Me. 141; *Lawson* v. *Funk,* 108 Ill. 502; *Maigley* v. *Hauer,* 7 Johns. 341; *Grout* v. *Townsend,* 2 Hill, 554; *Coleman* v. *Burr,* 93 N. Y. 17.

In the case at bar the consideration expressed in the deed is one dollar, and there is no other consideration mentioned or referred to in the consideration clause. The deed having been assailed by a creditor of the grantor on the ground that it was fraudulent and made to hinder and delay such creditor in collecting his claims, its recitals were conclusive, and at the trial neither the grantor nor the grantee were entitled to show any other consideration than that contained in the instrument. *Potter* v. *Gracie,* 58 Ala. 303. The fact that the grantor was permitted on the trial to introduce evidence tending to show that the conveyance was made by Barker to his sons because they had remained at home with him, and had rendered value in work to him, and had agreed to stay with him, cannot change the effect and operation of the consideration expressed in the deed. Such evidence cannot be considered. Nor could it be regarded under the issues raised in the pleadings, or under the facts disclosed by the record. Even if such a promise or agreement was made, it is clear that it was made at a time when the grantor was legally entitled to their services, without compensation, and therefore such services would not constitute a valuable consideration which would avail the grantees as

against creditors. The deed was therefore made for a nominal consideration. Such a deed is a mere voluntary conveyance, without consideration, and void as to creditors whose claims existed at the time of its execution, and who would, because of such conveyance, be defrauded of their rights, or hindered or delayed in the collection of their claims. Labor performed by children, during their minority, for their parents, will not entitle such children to compensation, so as to establish the relation of debtor and creditor between them, or to enable the parents to lawfully prefer them to creditors, and to convey their property to them, and place it out of the reach of creditors whose claims were in existence at the time of such conveyance. Nor does the fact, if such be a fact, that the grantees did not participate in any fraud against the creditors, or that they accepted the deed in good faith, without intent to defraud them, if they so accepted it, relieve them from the effect and operation of a voluntary conveyance. Where there is no valuable consideration for a deed, one of the material questions is the intent of the grantor, and it is immaterial how innocent the grantees are. They are bound by his acts, and, if he was heavily indebted at the time of making the conveyance, the inference is that the instrument was fraudently made for the purpose of hindering and delaying his creditors. A voluntary conveyance of land, made by a debtor while he is under embarrassed circumstances, is constructively fraudulent, and will be held void, as to existing creditors, without proof of actual fraud. And this is so although the grantee has no knowledge of a fraudulent intent on the part of the grantor. So even where the debtor has not been shown to be absolutely insolvent, but when the effect of the conveyance is to hinder or delay or defraud the creditors. Bump, Fraud. Conv. pp. 282, 287, 288; *Bohannon* v. *Combs,* 79 Mo. 305; *Judson* v. *Lyford,* 84

Cal. 505, 24 Pac. 286; *Shaw* v. *Tracy,* 83 Mo. 224; *Strong*
v. *Lawrence,* 58 Iowa, 55; 12 N. W. 74; *Matson* v. *Mel-
chor,* 42 Mich. 477, 4 N. W. 200.

Counsel for the appellants insist that there is no allega-
tion in the complaint in this case that the debtor was in-
solvent at the time the conveyance was made, and that,
therefore, the respondent cannot prevail. This position is
not tenable, for it is alleged in the complaint that an
execution was issued, and returned *nulla bona,* and that
both the defendant debtor and his cojudgment debtor "are
insolvent." While the allegation as to insolvency is in the
present tense, and does not refer directly to the time of
the execution of the deed, still the complaint, considered
as a whole, is sufficiently certain to admit evidence of in-
solvency. But even the omission of an allegation of
insolvency at the time of the conveyance would not be fatal
to the bill, because such insolvency is not a fact of juris-
dictional consequence, and is not a condition of relief *per
se.* The legislature has pointed out the facts on which
jurisdiction rests, where creditors are concerned, and on
which relief must be founded, and insolvency is not men-
tioned among these facts. Every conveyance made with
the intent to delay, hinder, or defraud creditors shall be
void as to them. Comp. Laws Utah, 1888, § 2838. That
the facts mentioned in the statute, on which the relief is
sought, are sufficiently set out in the bill, there is no
question. The case at bar is different from one in which
injunctive relief is sought; for there insolvency becomes
one of the ultimate facts to be proved, and must be prop-
erly alleged. This is not so when resort is had by bill in
equity to set aside a conveyance in aid of execution on a
judgment. In such case the bill must show that the con-
veyance was made to delay, hinder, or defraud the creditors
of the grantor. "It it not necessary, however, that in-
solvency should either be proved or presumed, in order to

render a voluntary conveyance void. If the indebtedness is so large that the effect of the transfer is to defraud creditors, the conveyance is void. If insolvency, therefore, takes place shortly after the making of the conveyance, that is enough." Bump, Fraud. Conv. pp. 282, 283. While in this case it was not necessary to base the relief demanded on the fact of the insolvency of the grantor at the time of the execution of the deed, still it is apparent from the record that, had the conveyance been valid, such fact would have existed; for it is shown by the evidence that shortly after the making of the deed an execution was issued by the judgment creditor against the property of William Barker, and returned *nulla bona,* except as to the property in controversy. The judgment and fruitless execution were evidence that such creditor's legal remedies had been exhausted. and conclusive evidence of the debtor's insolvency. It was so held by this court in *Enright* v. *Grant,* 5 Utah, 334, 15 Pac. 268; *Hager* v. *Shindler,* 29 Cal. 48; *Case* v. *Beauregard,* 101 U. S. 688. Nor is there anything in the record· which indicated that he had any other property at the time he made the deed.

While a father may lawfully. convey property to his minor children in consideration of love and affection, or for services performed or to be performed, when it does not interfere with the rights of creditors, and while it is commendable for him to make suitable provision for his family when he is solvent and able to pay his debts, still he may not make such conveyance or provision at a time when the effect and operation of the same would be to defraud or cheat his creditors, or to hinder or delay them in the collection of their just claims. Conveyances of this character, being voluntary, and not made for a valuable consideration, must be held to have been executed, delivered, and accepted subject to the rights of creditors existing at the time they were made. *Dowell* v. *Appelgate,* 15

Fed. 419; *Irish* v. *Bradford,* 64 Iowa, 303, 20 N. W. 447; *Rynearson* v. *Turner,* 52 Mich. 7, 17 N. W. 219; *Gardner's Adm'r* v. *Schooley,* 25 N. J. Eq. 150. In the case at bar the instrument in question was a voluntary conveyance having been made without a valuable consideration. The complainant was a judgment creditor. As to him, the conveyance is void, because his claim is paramount to that of the debtor's sons. That a person must be just before he is generous is an invariable rule of law. The claims, under a voluntary conveyance, of those who are bound by the ties of natural affection and duty, must yield to the superior rights of creditors. A settlement of property by a father upon his child, when the father is insolvent or largely indebted, and when he has not sufficient property remaining to satisfy his debts, cannot be sustained. Bump, Fraud. Conv. p. 280; *Crawford* v. *Logan,* 97 Ill. 396; *Potter* v. *Gracie, supra.*

Counsel for the appellants also complain that at the trial certain evidence was improperly admitted. It is not deemed necessary to refer particularly to the evidence complained of, because it was taken by a special master in chancery, and reported to the court. In such case, in the absence of any ruling on such evidence by the court sitting as a court of chancery, it will be presumed that incompetent evidence offered by either party to the suit was excluded, and not considered by the court in rendering its decision on the evidence reported. It may be observed, however, that in questions of fraud a wide range is allowed in the admission of evidence. Fraud is a creature of secrecy. It assumes many disguises and subterfuges, and, in general, can only be detected by the consideration of circumstances and facts, and these are frequently disconnected, remote, and trivial. Their meaning is often difficult of interpretation, and for this reason the evidence is allowed to assume a wide latitude, and it

is sometimes difficult to determine what circumstances should be admitted and what excluded. The true test seems to be whether the testimony offered throws light upon the transaction, or whether it is wholly irrelevant. Applying this test to the evidence in question, which consists of the declarations and acts of the grantor, it is clear that it tends to show the intent with which the conveyance was made, and was therefore admissible, because the intent of the grantor at the time of making the deed is one of the material elements in this case. Such declarations and acts of the grantor, made before and contemporaneous with the transfer, are admissible, at the suit of creditors, against the grantee, as well as in his favor. Bump, Fraud. Conv. pp. 579–581, 588, 589.

There are other errors specified in the record, and, while they have not escaped our notice, still we do not deem a discussion of them necessary to the decision of this case. The record presents no reversible error. We are of opinion that the deed in question is fraudulent and void as to the complainant, and was properly canceled and set aside by the court. The order directing the property to be sold in satisfaction of the debt was also proper. The judgment is affirmed.

MERRITT, C. J., and SMITH and KING, JJ., concur.