# IDAHO WHOLESALE GROCERY CO. v. ROBINSON.

No. 3337.     Decided June 9, 1919.     On Application for Rehearing July 8, 1919.     (182 Pac. 357.)

1. PLEADING—COMPLAINT—INSUFFICIENCY—DELAY IN RAISING OBJECTION. The objection that the pleadings of plaintiff do not state facts sufficient to constitute a cause of action may be raised in any stage of the proceedings.  (Page 485.)

2. FRAUDULENT CONVEYANCES—CREDITOR'S BILL—EXHAUSTION OF LEGAL REMEDIES. In a suit to set aside a conveyance on the ground that it was fraudulent as to creditors as well as in the case of a creditor's bill, the complaint or bill should on its face show that legal remedies have been exhausted.  (Page 485.)

3. FRAUDULENT CONVEYANCES—PLEADINGS—SUFFICIENCY. The complaint, in an action to quiet title, alleged ownership in plaintiff, and that defendant without right claimed an interest in the property, and the reply filed to defendant's answer, setting up that he took under a deed from the owner of the property, admitted execution of deed, but alleged that the grantor was indebted to plaintiff, that the deed was without adequate consideration, and was made to defraud creditors. *Held* that the reply and complaint taken together did not state a cause of action, for they did not show exhaustion of legal remedies, or that the grantor had no other property out of which plaintiff could satisfy its claim; the mere fact that a debtor makes a voluntary conveyance to a third person not vesting title in his creditors.  (Page 485.)

On Application for Rehearing.

4. PLEADING—REPLY—EFFECT. Under Comp. Laws 1917, section 6590, relating to replies, a reply filed in an action to quiet title which was in the nature of a confession and avoidance, cannot be disregarded, and plaintiff may be denied relief, where the pleadings, including the reply show that he has no cause of action, though the complaint itself stated a cause of action.  (Page 490.)

Appeal from District Court, Davis County, Second District; *A. E. Pratt*, Judge.

Action by the Idaho Wholesale Grocery Company against James H. Robinson. From judgment for defendant, plaintiff appeals.

AFFRMED.

*Skeen & Skeen* of Salt Lake City, for appellant.

*Stewart, Stewart & Alexander* of Salt Lake City, for respondent.

THURMAN, J.

This is an action to quiet title to lot 3, block 9, plat A, Farmington town-site survey, in Davis county, Utah.

The complaint alleges ownership in the plaintiff, and that defendant without right claims some interest in the property.

Defendant, answering, denies that plaintiff owns the property, and alleges ownership in himself by deed from one Mary Millard Robinson, owner of the property, made and executed April 10, 1916, since which time defendant alleges he has been the owner and holder of the property, has paid the taxes thereon, and is entitled to the use, occupancy, and possession of the same. Defendant prays that his title be quieted and for general relief.

In reply to this answer plaintiff admits the execution of the deed, but alleges that at the time of its execution and delivery the said Mary Millard Robinson was indebted to plaintiff in a sum in excess of $2,500; that said deed was without adequate consideration, and was made to defraud her creditors, especially the plaintiff; that said deed was therefore fraudulent and void.

The trial court found the issues in favor of the defendant, and entered judgment quieting his title. Plaintiff appeals, and assigns as error certain findings of the court and the exclusion of evidence.

Appeal from Second District.

There is but little dispute as to the facts. The evidence strongly tends to show that some thirty years before the trial one L. C. Robinson, brother of defendant, became indebted to the defendant in the sum of $450 for money borrowed; that some small payments were afterwards made thereon; that in 1906 they computed the amount due to be about $1,000, for which the said L. C. Robinson executed his promissory note bearing interest at the rate of eight per cent. per annum; that about four years before the trial said L. C. Robinson married Mary Millard, the person who afterwards executed the deed heretofore referred to; that said L. C. Robinson and his said wife, Mary Millard Robinson, on one or more occasions assured the defendant that they would take care of the indebtedness to him, and if necessary would convey to him the premises in question, which was the separate property of Mrs. Robinson; that in January, 1916, the said L. C. Robinson was indebted to plaintiff in the sum of $2,329.21 in payment of which he and his wife executed to plaintiff their promissory note; that at all the times mentioned in the proceedings L. C. Robinson and wife lived in the state of Idaho; that on the 10th day of April, 1916, his wife, Mrs. Robinson, with the knowledge and consent of her husband came to Farmington, and as partial payment of the debt owing by her husband to the defendant executed the deed heretofore referred to; that the consideration for the deed was the sum of $1,500, which was claimed to be a reasonable price for the property; that defendant indorsed on the note in writing the sum of $1,390 and canceled a book account for an additional indebtedness of $110, making a total credit on the indebtedness in the sum of $1,500; that the deed was recorded on the day of its execution, and thereafter, on the 14th day of April, 1916, the plaintiff commenced an action against L. C. Robinson and his wife on the promissory note executed by them to the plaintiff in the January next preceding, and by attachment process attached the premises in controversy and other property, assuming that the conveyance to the defendant was fraudulent and void; that in said action judgment was rendered against the defendant, L. C. Robinson, and his wife for the amount of

the note, interest, and costs, and the property attached was afterwards sold under an order of sale for the sum of $500, and the proceeds applied in partial satisfaction of the judgment. The plaintiff became the purchaser of the property, and received the sheriff's deed therefor under which it claims title in this proceeding. The evidence also strongly tends to show that at the time Mrs. Robinson executed the deed to the defendant, her husband, L. C. Robinson, was financially embarrassed; that a certain creditor other than the plaintiff had threatened to sue him, which fact was made known to the defendant at the time he received the deed for the premises from Mrs. Robinson; but it does not appear that the defendant knew that Mrs. Robinson was indebted to plaintiff, or was otherwise financially embarrassed. In fact, the defendant disclaims such knowledge altogether, and it may be said, once for all, on that point, that the clear preponderance of the evidence is in favor of the defendant.

The foregoing facts are either undisputed or satisfactorily established by the evidence. It is contended, however, by appellant, if we understand its position, that, even admitting the above to be a correct statement of facts, nevertheless the trial court erred in its findings of fact, conclusions of law, and decree.

A serious question, however, is presented by respondent in his brief entirely separate and apart from any consideration of the evidence, and if his contention is sound it would be a useless expenditure of time and energy to undertake to determine the legal questions involved in any assignment of error relied on by appellant. Respondent contends that the pleadings of plaintiff do not state facts sufficient to constitute a cause of action. This is a question that can be raised at any stage of the proceedings, and whenever raised it is the duty of the court to determine it. The complaint, standing alone, undoubtedly states a cause of action. It is the simplest form of complaint in actions to quiet title, but the answer denies the allegations of the complaint in respect to plaintiff's ownership of the property, and affirmatively alleges facts which, if true, show conclusively that the defendant is the owner.

The facts alleged by defendant were such that plaintiff deemed it necessary to reply and show the nature of defendant's title as well as the nature of its own, and the vital question is, Does the plaintiff's pleadings as a whole show that defendant had any title whatever to the premises in question?

As shown by the pleadings, the full substance of which we have heretofore stated, the plaintiff bases its claim of ownership on the mere fact that the grantor, Mary Millard Robinson, at the time of the conveyance to the defendant was indebted to plaintiff in the sum of $2,500 or more, and that the conveyance was without adequate or any consideration, was made to hinder, delay, and defraud her creditors, especially the plaintiff, and was therefore fraudulent and void. It is not alleged that the grantor was insolvent or in any manner financially embarrassed. For aught the pleadings show she may have been abundantly able to pay her obligation to plaintiff without the property conveyed to the defendant. Besides this, the facts upon which the pleader should rely as constituting the fraud are not alleged. The allegation as to fraud is a mere conclusion which should be disregarded. *Coal City Coal & Coke Co.* v. *Hazard Powder Co.,* 108 Ala. 218, 19 South. 392. The mere fact of a voluntary transfer of property by a debtor to a third person cannot, in our opinion, ipso facto amount to a transfer of title to the creditor, especially when the creditor has no lien on the property. We have been unable to find any case so holding, and if we had found such a case we would not be inclined to follow it; and yet this is the exact ground, as stated in the pleadings upon which the plaintiff seeks to quiet title to the property. It is a thing so generally known that we may refer to it as a matter of common knowledge that transactions must be of daily occurrence wherein persons indebted to others make voluntary transfers to third parties without any fear, or reason to fear, in contemplation of law, that by such transactions the property so conveyed at once becomes the property of their creditors. There is nothing in the pleadings of the plaintiff from which it may be inferred that the grantor, Mary Millard Robinson, was insolvent at the time she executed the

deed; there is no declaration of insolvency; no allegation' of a judgment obtained against her or of execution issued thereon and returned nulla bona; nothing to show that the property conveyed was not a mere infinitesimal fraction of .her property subject to execution. Under such circumstances as these we.feel compelled to hold that the pleadings of the plaintiff fail to show that it is entitled to the relief prayed for in the complaint, or any relief.

Even if the action were in the nature of a creditors' bill, as is usual in cases of this kind, in which the defendant was made a party together with the debtors L. C. Robinson and Mary Millard Robinson, the purpose being to set aside a fraudulent conveyance, the bill on its face should show that legal remedies have been exhausted.

"  *   *   * It is the well-established general rule that a creditor cannot come into equity to obtain satisfaction of his claim out of property not reachable by legal process until he has exhausted his remedies at law and shown them to be unavailing, and *he must allege and prove the fact* of such exhaustion as a condition precedent to invoking the aid of equity." (Italics ours.) 8 R. C. L. pages 19 and 20.

See, also, 15 C. J. page 1421. At page 1423 this author says:

"Where it is alleged that an execution has been issued and returned unsatisfied, it need not be averred expressly that the debtor has no other property than that out of which the creditor seeks payment. Where the insolvency of the judgment debtor dispenses with the necessity for a return of an execution, such excuse, to be available, must be alleged in the bill. In such cases an averment that the judgment debtor is insolvent, or that he has no property left subject to execution, or any allegation equivalent thereto, is sufficient."

In 12 Cyc., at pages 39 and 40, it is said:

"The bill should allege the issuing of execution, time when returnable, and actual return of sheriff thereon, and that the execution was returned nulla bona or satisfied in part only. Where the insolvency of a judgment debtor dispenses with the return of an execution, an allegation that the judgment debtor is insolvent, or that he has no property left subject to execution, or any allegation equivalent thereto, is sufficient."

In *Ogden State Bank* v. *Barker*, 12 Utah, 13, at page 23, 40

Pac. 765, at page 767, cited by appellant on another question, the court, in speaking of an allegation of insolvency, after stating that the bill did contain such allegation, says:

"But even the omission of an allegation of insolvency at the time of the conveyance would not be fatal to the bill, because such insolvency is not a fact of jurisdictional consequence, and is not a condition of relief per se."

This declaration unexplained might be construed as being in conflict with the views herein expressed. The declaration, however, must be considered in connection with the facts of the particular case. The bank filed a creditors' bill against the debtor and his children, to whom he had made a voluntary conveyance of his property after a judgment against him. The bill alleged that the judgment had been obtained against the judgment debtor in an action for foreclosure; that the property had been sold for a sum less than the judgment; that a deficiency judgment had been entered, execution issued, and returned nulla bona. The bill also alleged that the judgment debtor was insolvent at the time the action was commenced. While under the facts of that case it is manifest that the declaration of the court above quoted was not necessary to a decision of the questions involved, nevertheless, it may be conceded that an allegation of insolvency of the debtor at the time of the conveyance is not absolutely necessary, where it is alleged, as in that case, that an execution issued had been returned nulla bona. If the opinion in that case can be construed to mean that facts in some form tending to show insolvency in a case of that kind, or in a case like the one at bar, are not necessary to be alleged, we are constrained to hold that the enunciation of such a doctrine could not have been deliberate and intentional.

It is not necessary in support of our view to cite the numerous authorities that might be referred to without inconvenience. The doctrine must be well-nigh elementary that the title to property which a debtor has conveyed to a third person by voluntary deed is not thereby transferred to his creditor so as to enable him to maintain an action to quiet title as against the grantee. Something more must be shown than the indebtedness and the voluntary conveyance. And even if

there were facts and circumstances instead of bald conclusions to show that the conveyance was fraudulent, we are still of the opinion that there should be an allegation in some form indicating the inability of the debtor to pay his obligation without resort to the property conveyed. We are also of the opinion that in a case of this kind the bill should show in some manner an exhaustion of legal remedies against the debtor.

Holding as we do the views herein expressed, it is wholly unnecessary to consider the facts developed at the trial, or any assignment of error upon which appellant relies. It may, however, be stated, in justice to the parties, that no question is seriously urged as to the good faith of the defendant James H. Robinson, the grantee of the property in controversy. That his brother, L. C. Robinson, justly owed him the debt for which the property was conveyed is not controverted by anything in the record. That L. C. Robinson and his wife, Mary Millard Robinson, both promised him on one or more occasions prior to the indebtedness to plaintiff that if it became necessary they would either convey to him this particular property, or other property to pay the debt, is likewise undisputed. That defendant, James H. Robinson, at the time he received the conveyance was ignorant of the fact that Mary Millard Robinson was financially embarrassed or indebted to plaintiff is well established by the testimony. It is also undisputed that at the time of receiving the conveyance the defendant indorsed on the note of L. C. Robinson a payment in the sum of $1,390, thus placing himself at a serious disadvantage in the event he should afterwards seek to avoid the transaction. Without attempting to pass at the present time upon the numerous questions discussed in the brief of counsel relating to the facts and legal principles deducible therefrom, we are not prepared to say that, even upon the merits of the case as determined by the facts, the defendant is not entitled to the judgment from which the plaintiff has appealed.

For the reasons stated, the judgment is affirmed at appellant's cost.

Appeal from Second District.

ON APPLICATION FOR REHEARING.

Appellant has applied for a rehearing of this cause, and assigns more errors and misapprehensions on the part of the court than are usually found in applications of this kind, and that is saying a great deal:

"(1)   Misapprehension by the court of the facts in said case.

"(2)   Misapprehension by the court of the pleadings.

"(3)   Misapprehension by the court of the law applicable to the case."

Perhaps we should not have considered the facts at all. They had no bearing upon the case, nor did they in any manner influence our opinion. If we admit that every fact was incorrectly stated, and every conclusion drawn therefrom was wrong, the correctness of the judgment rendered would not be affected. The judgment was rendered on the pleadings uninfluenced by a single fact, the belief of appellant's counsel to the contrary notwithstanding. Our sole reason, whether good or bad, for stating the facts and drawing conclusions was to present an intelligible history of the case and incidentally to show that, notwithstanding the defective pleadings, the case on its merits was such that this court would not be justified in reversing the judgment. As it now appears, our assumption of an unnecessary burden with good intentions was an instance of mistaken magnanimity.

But it is said the court misapprehended the pleadings. If it did, then appellant has presented substantial grounds for a rehearing. The pleadings are exceedingly simple. We have stated them in substance in the opinion handed down, and need not repeat the statement here. Appellant has failed to specify wherein the pleadings were misapprehended. No particulars are stated. We are left in the dark, and can only reaffirm our statement heretofore made.

This court is not prepared to hold that the mere voluntary transfer of property by a debtor to a third person operates ipso facto as a transfer of title to the creditor. Appellant says, in effect, that this proposition is axiomatic, is not controverted, and even expresses surprise that we should have so

declared in the opinion complained of.  In this connection, appellant announces the startling proposition that we entirely overlook the attachment proceedings, the judgment, and the fact that no appeal had been taken.  This court has many times been criticized in proceedings of this kind for overlooking things in its opinions, but this is the first time in the experience of the writer that the court has been censured for overlooking something which had no existence.  Nowhere in the pleadings upon which our judgment was rendered is there even a suggestion of attachment proceedings, of judgment rendered, of failure to appeal therefrom, or anything of that kind or nature.  Appellant certainly cannot conceive it to be the duty of this court, when a motion is made for judgment on the pleadings, to go outside of the pleadings themselves, groping for facts in order to reach a conclusion.  Nevertheless, such is the logic of appellant's contention.

The cases referred to in the application, *Thompson* v. *Baker*, 141 U. S. 648, 12 Sup. Ct. 89, 35 L. Ed. 889, and *Ogden State Bank* v. *Barker*, cited in our opinion, were not overlooked, neither were they disregarded.  They shed no light whatever upon the real question.  As regards the first-mentioned case the surprise is it was referred to at all.

But appellant says, as no counterclaim was filed by defendant, no reply on the part of plaintiff was required.  That is not the question presented here.  A reply is required when defendant files a counterclaim and is also admissible when "plaintiff claims to have a defense, by reason of the existence of some fact which avoids the matter alleged in the answer."  Comp. Laws Utah 1917, section 6590.  Plaintiff's reply in this case has all the earmarks of a confession and avoidance as contemplated in the section referred to.  Defendant had alleged in his answer that he was the owner of the property by purchase on the 10th day of April, 1916, from Mary Millard Robinson, *who was then the owner*. (Italics ours.)  Appellant does not deny that Mary Millard Robinson was the owner of the property when she made the deed, but seeks to avoid it by alleging she was indebted to plaintiff at the time of its execution, and made the conveyance

without consideration and with intent to defraud her credit-ors. That is all that is alleged. We say on its face it was not sufficient, and in legal effect was an admission that de-fendant was the owner of the property. It is ordinarily dan-gerous to plead more than is necessary in any case. It must be admitted that if one part of a pleading so qualifies another as to change its entire meaning the pleading must be taken with the qualification. If the qualifying portion is relevant to the subject-matter of the action the court cannot disregard it merely because it might with propriety have been omitted.

The criticism of the opinion by appellant's counsel is at times almost drastic. It is characterized by a vein of irony. We have not allowed this to ruffle our feelings or disturb our equanimity. We have all at some time been practicing mem-bers of the bar, and are familiar with the exuberant sensation attendant upon success. We wish we could forget the un-charitable and unforgiving feelings we have sometimes exper-ienced when disappointed in our hopes of victory. This is human, and to be expected. We are satisfied, however, that a calm, cool, and dispassionate consideration of the opinion, uninfluenced by matters not alleged in the pleading, will con-vince the fair-minded reader familiar with the elementary principles of pleading that the opinion is correct, and states the law as it is and ought to be in this jurisdiction.

The application for rehearing is denied.

.CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.