490 P.2d 1301

**FIRST SECURITY BANK OF UTAH, National Association, a corporation, Plaintiff and Respondent,**

**v.**

**VRONTIKIS BROTHERS, INC., a corporation, et al., and St. Nicholas Investment Company, a corporation, Defendants and Appellants.**

**No. 12304.**

Supreme Court of Utah.

Nov. 22, 1971.

Cotro-Manes, Fankhauser & Beasley, Paul N. Cotro-Manes, Salt Lake City, for defendants and appellants.

Ray, Quinney & Nebeker, Don B. Allen, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

These proceedings were commenced in the court below by the plaintiff seeking to recover from the defendants money judgments on promissory notes and other agreements. Only that part of the court's decision which deals with the sixth claim contained in the plaintiff's complaint is here on appeal. The plaintiff in its sixth cause of action seeks to have a conveyance by the defendant Vrontikis Brothers, Inc. to the defendant St. Nicholas Investment Company set aside as being fraudulent as to the creditors of Vrontikis Brothers, Inc., including the plaintiff.

Vrontikis Brothers, Inc. was engaged in the business of retailing furniture and home appliances in Salt Lake City, Utah. The business was carried on in a building which had been constructed in or about the year, 1964, and financed in part by the proceeds from a loan made by the plaintiff and secured by a trust deed dated February 3, 1964. From time to time the plaintiff made other advances of money to Vrontikis Brothers to finance the business enterprise. The business was not successful and became insolvent.

On March 2, 1966, Vrontikis Brothers conveyed the real property comprising the furniture and appliance store, a warehouse and adjacent land to St. Nicholas Investment Company. A special warranty deed recited that the conveyance was subject to plaintiff's mortgage. St. Nicholas Investment Company is a Utah corporation wholly owned by Nick M. Vrontikis.

It is the plaintiff's contention that the conveyance was fraudulent within the meaning of Section 25–1–5, U.C.A.1953, which provides as follows:

Every conveyance made without fair consideration, when the person making it is engaged, or is about to engage, in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors, and as to other persons who become creditors during the continuance of such business or transaction, without regard to his actual intent.

The term "fair consideration" is defined by Section 25–1–3, U.C.A.1953, in the following language:

Fair consideration is given for property, or obligation:

(1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or,

(2) When such property, or obligation, is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small

when compared with the value of the property or obligation obtained.

At the trial both sides introduced evidence both oral and documentary touching upon the value of the property conveyed and the consideration given in return by St. Nicholas Investment Company. The evidence was conflicting, and from the evidence the court found and concluded that the property conveyed had the fair market value of approximately $290,000. The court also found that the total consideration for the transfer was not to exceed the sum of $38,120. From these findings the trial court was of the opinion that the transaction was fraudulent as to creditors and within the provisions of Section 25–1–5, U.C.A.1953, above referred to. The court further concluded that the conveyance was void as being fraudulent as to creditors within the meaning of Section 25–1–7, U.C.A.1953.

It should be noted that actual fraud need not be shown, but it is sufficient if the evidence shows that the conveyance is one which falls within the provisions of the statute dealing with fraudulent conveyances as above referred to. The transaction is fraudulent as to creditors without regard to the actual intent of the transferer.[1]

1. Section 25–1–4, U.C.A.1953; Cardon v. Harper, 106 Utah 560, 151 P.2d 99; Og-

The trial court having reached its decision upon conflicting evidence, we are not inclined to disturb it. The judgment of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

den State Bank v. Barker, 12 Utah 13, 40 P. 765.