EGBERT JUDSON, APPELLANT, v. BENJAMIN F. LYFORD, ADMINISTRATOR, ETC., ET AL., RESPONDENTS.

FRAUDULENT CONVEYANCE — RIGHTS OF CREDITORS — EFFECT OF DEED. — A deed in fraud of creditors is absolutely void as against them, and an execution sale of the debtor's interest carries the legal title, and not an equitable interest merely.

FRAUD — QUESTION OF FACT — WHOSE INTENT IS MATERIAL. — Under our statute, the question of fraud is a question of fact, — that is to say, a question of intent; and where there is no consideration for the deed, the material thing is the intent of the grantor; the intent of the grantee is immaterial.

ID. — INSTANCE — FACTS SHOWING FRAUDULENT INTENT. — If a person is heavily indebted, and conveys all his property, without consideration, in trust, for his children and himself, the inference of a fraudulent intent is irresistible.

PRACTICE — STATEMENT — SPECIFICATION — PRESUMPTION. — Where there is a proper specification of the insufficiency of the evidence to justify the decision, the presumption is, that the statement contains all the material evidence in relation to it.

APPEAL from a judgment of the Superior Court of Marin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. F. Swortfiguer*, and *E. W. McKinstry*, for Appellant.

*Sawyer & Burnett*, for Respondents.

HAYNE, C. — This was an action by a judgment creditor to set aside a deed made by his debtor to the defendant Lyford, in trust, for certain purposes. The court below gave judgment for the defendants, and the plaintiff appeals.

The general features of the case are as follows: On and prior to September 15, 1883, the plaintiff was the owner of a judgment against one Deffebach, upon which was due the sum of $9,446.74. On that day the latter inherited from his wife an undivided one-third interest in a tract of 646.51 acres of land in Marin County. Within a month

thereafter, and while the judgment against him was in force, he made a deed to the defendant Lyford, in trust, to sell sufficient of the property to pay off certain mortgages upon the property, and to collect the income of the remainder, and, after paying the taxes, etc., to pay one half of such income to the grantor during his life, and to use the balance for the support of his minor children, and upon the arrival of the youngest child of age to convey the property to such children in equal shares. (The mortgages referred to were omitted from the litigation by stipulation.) This deed was entirely without consideration. It was therefore a gift for the benefit of the children, with the reservation for himself of a life provision out of the income. A little more than a month after the execution of the deed, a writ was issued upon plaintiff's judgment and levied upon the property, and all the right, title, and interest which Deffebach then had therein was sold to plaintiff for something less than the amount of the judgment. In due course, the plaintiff received a sheriff's deed, and within four days thereafter Deffebach died. This action was commenced soon afterward. Before the trial, Deffebach's administrator paid to plaintiff the balance due upon the judgment, which was thereupon satisfied of record. The foregoing facts appear without contradiction.

The main position of the respondents is, that the deed to Lyford conveyed to him the legal title to whatever share Deffebach had in the property, leaving in the latter only an equitable life interest in half the income; that this equitable interest was all that the plaintiff got by his sheriff's deed, and, being only for Deffebach's life, ceased at his death, and that, as the judgment was paid and satisfied, plaintiff has no foundation for his action.

But this argument overlooks the charge that the deed was made to hinder and delay the plaintiff's rights as a creditor, which is the basis of the plaintiff's case. If it were not for this feature the case would be like *Kennedy*

v. *Nunan*, 52 Cal. 326, cited for the respondents, and we are not prepared to say that the position would not be sound. But the charge of fraud introduces an altogether different element. If the charge be true, — that is to say, if the deed was *in fact* made to hinder and delay plaintiff's rights as a creditor, — then the deed was void *as against him*, and his sheriff's deed vested in him, not merely an equitable life interest in the income, but all the interest which Deffebach had in the property before he made the deed, and entitled the plaintiff to have the deed canceled as a cloud upon his interest, as was fully explained in *Hagar* v. *Shindler*, 29 Cal. 48.

The proposition that a deed in fraud of the rights of creditors is absolutely void as against them is well settled. It was so under the statute of Elizabeth. "A fraudulent conveyance made with a view of defeating the claims of creditors is altogether void by the statute 13 Elizabeth. Such a deed, therefore, can confer no legal interest on which a trust can be fastened by a court of equity." (Hill on Trustees, 163.) The same rule prevails in the majority of American courts. In this regard Mr. Freeman says: "In many cases the aid of equity is invoked. But, generally, this is unnecessary, for a transfer made to hinder, delay, or defraud creditors, while as between the parties it conveys the title, has, as against a creditor proceeding under execution, no such effect. As against the fraudulent transferee, the creditor may seize the property, whether real or personal, as that of the fraudulent vendor, and may proceed to sell it under execution. The title transferred by such sale is not a mere equity, — not merely the right to control the legal title, and to have the fraudulent transfer vacated by some appropriate proceeding; *it is the legal title itself*, against which fraudulent transfer is no transfer at all." (Freeman on Executions, sec. 136.)

The statute of California embodies this rule. It says that "every transfer of property or charge thereon

made, every obligation incurred, and every judicial proceeding taken with intent to delay or defraud any creditor or any other person of his demands, *is void*," etc. (Civ. Code, sec. 3439.) And in the case of *Bull* v. *Ford*, 66 Cal. 177, the precise point was decided. There, after showing that the conveyance was in fraud of creditors, the court, per Ross, J., said: "The conveyance to defendant being void as against Alvarado's creditors, the creditors were authorized to levy upon and sell the property *as if no conveyance had ever been made by their debtor*. (Freeman on Executions, sec. 136, and the authorities there cited.)"

It is obvious, therefore, that the question upon which the case must turn is, whether the conveyance was in fraud of the rights of the plaintiff as a creditor. This, under our statute, is a question of fact (Civ. Code, sec. 3442); that is to say, a question of intent. And since the deed was without consideration, the intent which is material is that of the grantor. It is immaterial how innocent the grantee was. (*Lee* v. *Figg*, 37 Cal. 336; 99 Am. Dec. 271; *Peek* v. *Peek*, 77 Cal. 111; *Swartz* v. *Hazlett*, 8 Cal. 128.) And for the same reason it is immaterial that he had no notice of the fraud. Nor is it necessary that the grantor should have had any malice against the creditor, or any evil intent to injure him, or any actual intent to do a wrong. It is immaterial whether, as a matter of fact, he supposed that he had a perfect right to conceal his property from his creditor. Concealment of property from one's creditor is what the law forbids, and the intent so to conceal it is considered fraud; and it is sufficient so to plead it. (*Hagar* v. *Shindler*, 29 Cal. 59; *Bull* v. *Ford*, 66 Cal. 176.) The question, then, is reduced to this: viz., Had the grantor, as a matter of fact, an intent to hinder or delay his creditor? The court below found that he had not. But we think that the findings are entirely unsupported by the evidence.

At the time of the execution of the deed, the grantor had no other property than the land he attempted to convey. This is distinctly testified to by the witness Valentine, and by the defendant Lyford himself. And there is no evidence to the contrary. The argument which the counsel for the respondents make against this is, that the record does not state that it contains all the evidence, and that the presumption is in favor of the findings. But the point is properly specified. And it has long ago been settled that the presumption is, that the record contains all the evidence which is material to the points specified. (*Hidden* v. *Jordan*, 28 Cal. 303; *Smith* v. *Athern*, 34 Cal. 511; *Clark* v. *Gridley*, 35 Cal. 403; *Grigsby* v. *Clear Lake Water Co.*, 40 Cal. 405; *Abbey Homestead Association* v. *Willard*, 48 Cal. 619.) In the case last cited it was said that the rule "has been so often repeated that it has become trite." The fact that after the action was commenced the administrator of the grantor paid the small balance remaining due on the judgment does not tend to prove that the grantor had at the time of the deed any other property than that which he attempted to settle on his children and himself. For all that appears to the contrary, the administrator, who was the trustee under the deed, may have raised it on the property, or may have advanced it himself. As above stated, the positive testimony is, that the grantor had nothing at the time of the deed except the property in question. And this is not contradicted.

The uncontradicted facts therefore are, that the grantor, being heavily indebted to the plaintiff, attempted to make a voluntary settlement of the only property he had upon his children and himself. Is it not the irresistible inference, from these facts, that he intended to place the property beyond the reach of the plaintiff's judgment? (Compare *Swartz* v. *Hazlett*, 8 Cal. 128.) We can hardly imagine circumstances which would overcome the inference from the above facts. Certainly

there is nothing tending to overcome it in the record before us. The defendant Lyford says that the deed was made to "protect" the grantor's children. But can a man "protect" his children against the lawful claims of his creditors? If this be the meaning of the defendant's testimony, it is itself sufficient to show that the deed was fraudulent. But whatever may be its meaning, it certainly does not tend to overcome the inference from the above facts. And there is no other evidence.

In our opinion, the uncontradicted evidence shows that Deffebach made the deed to hinder and delay his creditor, and this being the fact, it results, as a matter of law, that the deed was absolutely void as against the creditor, in whom the sheriff's deed vested, not a mere equitable life interest in the income, but all the estate which Deffebach had before he made the deed.

It may be added that, as we construe the complaint, it is a complaint to remove a cloud, under the doctrine of *Hagar* v. *Shindler, supra.* The respondents say that it is a complaint to "quiet title," by which we suppose is meant a complaint to determine an adverse claim under the statute. We do not take this view of the pleading. But, assuming that it is the correct view, we think that the facts are sufficient to support an action of that character.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

McFarland, J., dissented.

Rehearing denied.