FRANK J. GUSTIN, Trustee in Bankruptcy of THOMAS MATHEWS, Respondent, v. ABIGAIL L. MATHEWS, Appellant.[1]

### No. 1375.    (70 Pac. 402.)

1. **Fraudulent Conveyance; Nominal Consideration.**
A conveyance by a husband to his wife of all his property for a nominal consideration is invalid as to a creditor whose debt existed at the time, though not in judgment.

2. **Same: Fraud of Grantee.**
A conveyance by a husband to his wife of all his property for a nominal consideration is fraudulent as to his creditors, though the wife does not participate in any fraudulent intent.

3. **Same: Constructive Fraud.**
A conveyance by a husband to his wife of all his property for a nominal consideration is constructively fraudulent as to his creditors, and no actual fraud on the part of the grantor need be shown.

(Decided October 25, 1902.)

Appeal from the Third District Court, Salt Lake County.— *Hon. S. W. Stewart*, Judge.

Action by the plaintiff, as trustee, to set aside a certain deed, executed by Mathews to his wife, on the ground that

---

[1]Bank v. Barker, 12 Utah 13.

the conveyance was fraudulent as to his creditors. From a judgment in favor of the plaintiff, the defendant appealed.

·AFFIRMED.

*Messrs. Nye & Largent* for appellant.

The contention of the appellant is that the deed to her was made in good faith. The plaintiff alleges fraud, but defendant contends that the evidence fails to support any such allegation, nor does the plaintiff attempt to show that fraud existed in the mind of the grantor, that it was participated in by the defendant in any manner, or that she even knew anything about it. Such evidence is necessary. Priest v. Brown, 35 Pac. Rep. 325.

This transfer cannot be set aside for the fraud of the grantor, in which the grantee did not participate, and there is no evidence that the grantee or even the grantor had any knowledge or intention of fraud. Priest v. Brown, 35 Pac. Rep. 325; Bank v. Northrop, 22 N. J. Eq. 58; Foster v. Hall, 12 Pick. 89; Cohn v. Knox, 90 Cal. 273.

When a party relies upon fraud he must clearly prove it. Joyce v. Joyce, 5 Cal. 163; Dangman v. Randle, 13 Cal. 512; Rico v. Spencer, 21 Cal. 496; Brandolb v. Whitney, 54 Cal. 586; Estate v. Kidder, 66 Cal. 490.

The person assailing a deed as fraudulent assumes the burden of proving that it was executed in bad faith and that it left the grantor insolvent and without property to pay his existing debts. Caine v. Larkin, 30 N. E. 106, and citations.

A deed cannot be fraudulent against creditors who are not injured by its execution and who would not be benefited if it were declared void. 2 Am. and Eng. Ency. of Law, p. 255.

*Edward McGurrin, Esq.,* for respondent.

The defendant is the wife of her grantor; the property involved in this action consists of a corner lot in the north-

western part of Salt Lake City, ten by twenty rods in dimen-sion, fronting on two streets; the consideration recited in the deed and which both the grantor and grantee testify was actually paid, was one dollar; the effect of the transfer was to render the grantor insolvent. Under such circumstances this conveyance was fraudulent as against the creditors of the grantor existing at the time it was executed. Bank v. Bar-ker, 12 Utah 13; Bohannon v. Combs, 79 Mo. 305; Story v. Lawrence, 58 Iowa 55; Housten v. Kilner, 113 Ill. 318.

Under such circumstances the defendant says that this transfer cannot be successfully attacked by a creditor of the grantor, unless it be shown that the grantee actually knew of and participated in the fraudulent intent of her grantor, and that it is not enough that the purpose of the grantor was fraudulent, that no consideration was paid for the transfer, and that by reason thereof the grantor was rendered insolvent. The cases cited by defendant do not support such contention, because in each of them an adequate and substantial consider-ation was paid or received for the property conveyed. This conveyance was purely a voluntary one, and however inno-cent the grantee may have been of the fraud of her grantor, she cannot hold this property as against his creditors. Bank v. Barker, ante; 14 Am. and Eng. Ency. of Law (2 Ed.), 271.

BARTCH, J.—This is an action brought by the plain-tiff, as trustee in bankruptcy of Thomas Mathews, to set aside and declare null and void a certain deed executed by Mathews to his wife, conveying a certain parcel of real estate, on the ground that the conveyance was fraudulent and void, and made for the purpose of placing the property out of reach of his creditors. From the evidence it appears, substantially, that the property conveyed and in controversy consists of a corner lot, ten by twenty rods, situate in the northwest por-tion of this city; that Thomas Mathews conveyed it to his wife, the defendant, for the sum of one dollar; that at the

time of the conveyance a suit was pending against the grantor to collect a claim, for which judgment was afterwards recovered, and which judgment remains unsatisfied; that the price for which the property was conveyed was wholly inadequate; that at that time its assessed value was not less than $100, and the taxes thereon amounted to $6 or $7 per annum; that the grantor also conveyed to his wife another piece of property, worth $300, for one dollar; that, aside from the real estate so transferred, the grantor owned no property subject to execution or to the payment of the claims of his creditors; and that thereafter he filed a petition in bankruptcy, and was adjudged a bankrupt. When the plaintiff rested, the defendant moved for a non-suit on the ground of a failure to make out a case against her. The court overruled the motion, and, upon the defendant failing to offer any testimony, entered judgment in favor of the plaintiff, declaring the deed to be fraudulent and void, and directing that the property attempted to be conveyed be considered as a portion of the bankrupt's estate. This action of the court has been assigned as error.

The main contention of the appellant is that the conveyance cannot be set aside for the fraud of the grantor in which the grantee did not participate, and that there is no evidence that the grantee, or even the grantor, had any knowledge of or intention of fraud. This contention is not tenable under the facts of this case. The deed was made for but a nominal consideration at a time when the grantor was unable to pay his debts. It must, therefore, be regarded as a mere voluntary conveyance, without consideration, and void as to creditors whose claims existed at the time of its execution, whether reduced to judgment or not, and who, because of such conveyance, would be hindered or delayed in the collection of their claims. While a man may make provision for his wife out of his estate by deed, donation, or otherwise, and ought to do so when he is solvent, yet if he

attempts to thus dispose of his property and effects at the expense of his creditors, and to their injury, his conveyance, in the eye of the law, will be a fraud upon them; and the fact, if it be a fact, that such a grantee did not participate in any fraud against the creditors, but accepted the instrument in good faith, does not relieve the grantee from the effect and operation of a voluntary conveyance. In such case it is immaterial how innocent the grantee was; the question is the intent of the grantor. Such a conveyance, under the circumstances of this case, is constructively fraudulent, and will be held void as to existing creditors, without proof of actual fraud. These principles, and questions like those herein presented, were fully discussed in Bank v. Barker, 12 Utah 13, 40 Pac. 765, and on the authority of that case this one must be affirmed, with costs, there being no reversible error in the record. It is so ordered.

BASKIN, J., and HART, District Judge, concur.