[Civ.   No. 372.   Second Appellate District.—June 5, 1907.]

## KATE BEKINS, Appellant, v. MINNIE DIETERLE and WILLIAM DIETERLE, Respondents.

FRAUDULENT CONVEYANCE—HUSBAND AND WIFE—SUPPORT OF FINDINGS.—In an action by a wife to have her title quieted against judgment creditors of the husband, who are selling his property under execution, where the court finds, upon sufficient evidence, that on the day on which their judgment was rendered, he transferred property purchased with community funds in a large sum to the wife, for a nominal sum, and had the deed recorded in her name, with intent to hinder and defraud the judgment creditors of the husband, the findings in their favor will not be disturbed.

ID.—FRAUDULENT INTENT—OTHER PROPERTY IMMATERIAL.—Where fraudulent intent is found upon sufficient evidence, the conveyance is void as to existing creditors, and the question whether the debtor has other property is immaterial.

ID.—PRESUMPTION OF SEPARATE PROPERTY FROM DEED TO WIFE NOT CONCLUSIVE.—The presumption arising under the amendment of 1889 to section 164 of the Civil Code, that property conveyed to the wife is her separate property, cannot be deemed conclusive, and may be overcome by proof that the purchase was made with community funds.   In such case the property remains the property of the husband, and is liable for the community debts.

ID.—EARNINGS OF WIFE PART OF COMMUNITY PROPERTY.—The earnings of the wife are as much part of the community property as are the earnings of the husband.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, F. B. Guthrie, and Henry E. Wills, for Appellant.

E. W. Freeman, and A. D. Laughlin, for Respondents.

SHAW, J.—Appeal from judgment in favor of the defendants, and from an order denying plaintiff's motion for a new trial.

The appellant, Kate Bekins, is the wife of M. Bekins. On December 29, 1896, Minnie and William Dieterle commenced an action against M. Bekins to recover damages for the conversion of certain personal property alleged to have been delivered to him for storage in his warehouse, and which property he refused to redeliver to the plaintiffs in said suit on demand therefor. The judgment rendered in favor of M. Bekins on the first trial was reversed (*Dieterle* v. *Bekins,* 143 Cal. 683, [77 Pac. 664]), and upon a second trial, had on December 23, 1904, judgment was rendered in favor of plaintiffs therein. Execution was issued and placed in the hands of the sheriff, who duly levied upon certain real estate as belonging to M. Bekins, the judgment debtor, and proceeded to advertise the same for sale; whereupon Kate Bekins, the appellant, who claimed ownership of the property, instituted this action to enjoin the sheriff from selling the same and have her alleged title thereto quieted as against Minnie and William Dieterle.

It appears that the real estate, which is of the value of $34,500, was conveyed to M. Bekins on October 31, 1904, and stood in his name until December 23, 1904, when, for a stated consideration of $10, he executed a deed therefor to his wife, Kate Bekins, and without other delivery to her, filed the same for record at 1:40 P. M. of said day. The consideration paid for the property when conveyed to M. Bekins was $34,500. This amount was paid by checks drawn upon money on deposit to the credit of Kate Bekins, who testified that she "drew it from the moneys of the Bekins Van and Storage Company." At the date of the conveyance from M. Bekins to his wife he had no other property out of which the judgment could be made. During all of the times covered by these several transactions M. Bekins was engaged in the van and storage business, and Kate Bekins, in addition to caring

for her household duties, assisted him in the active management and conduct of said business. At the date of her marriage appellant had only $100, which, she says, was long ago expended. The business was incorporated subsequently to the date of the commencement of respondents' suit against M. Bekins, and the husband placed some of the stock in the name of appellant, the reason for his doing so being unknown to her. There was other testimony to show that M. Bekins, after the commencement of suit by respondents, turned his property over to his wife when he was sick, and, as her attorney testified, "she has been the man of the family."

The court found that the property levied on was community property; that the consideration for the purchase thereof, $34,500, was paid out of community funds; that the deed dated December 23, 1904, whereby M. Bekins, in consideration of $10, conveyed the property to his wife, Kate Bekins, was intended by M. Bekins to hinder, delay, and defraud his creditors, and especially the respondents herein; that at the time of making said conveyance M. Bekins had no other property out of which respondents' judgment could be made.

Appellant attacks all of these findings, asserting that they are not justified by the evidence. Section 162, Civil Code, defines the separate property of the wife as being "all property owned by her before marriage, and that acquired afterward by gift, bequest, devise or descent, with the rents, issues and profits therefrom." Section 163, Civil Code, likewise defines the separate property of the husband. All other property than that designated in said sections 162 and 163, acquired after marriage "by either husband or wife, or both, is community property." (Civ Code, sec. 164.) As this last section stood prior to the amendment of 1889, property conveyed to the wife during coverture was presumed to be community property. (*Morgan* v. *Lones*, 78 Cal. 58, [20 Pac. 248]; *Davis* v. *Green*, 122 Cal. 364, [59 Pac. 9].) As such it was under the control of the husband and might be mortgaged by him or subjected to the payment of his debts regardless of the fact that it stood of record in the name of the wife. (*Davis* v. *Green*, 122 Cal. 364, [59 Pac. 9]; *Schuyler* v. *Broughton*, 70 Cal. 282, [11 Pac. 719].) This presumption could be overcome by evidence that the consideration paid for the property was the separate funds of the wife. The amendment of 1889 changed this presumption by adding .

the following provision to section 164: "But whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." This presumption, like the one existing before the amendment, is not conclusive, but may be overcome by extrinsic evidence showing the consideration for the property to have been paid out of the community funds; and when such fact is established the property, notwithstanding it stands in the name of the wife, is subject to the control of the husband and is liable for the community debts. The presumption of a separate estate created in Kate Bekins by the conveyance from M. Bekins is overcome by the evidence, which clearly shows the property to have been purchased with community funds. She testifies: "I drew it (the $34,500 paid for the lots) from the moneys of the Bekins Van and Storage Company." "It was taken out of the business of the Van and Storage Company." The consideration paid for the property did not represent the earnings of the wife, but of the community business. The fact that she, as the "man of the family," had active charge of the business did not affect its character as community property. Besides, her services and earning power were as much a part of the marital community capital as that of the husband. "The services of the wife are a part of the earning power of the community, and the earnings received for her services constitute community property as much as do the earnings received for the services of the husband." (*Martin* v. *Southern Pac. Co.*, 130 Cal. 285, [62 Pac. 515]; *Smith* v. *Furnish,* 70 Cal. 424, [12 Pac. 392].) The evidence justified the court in finding that the real estate levied on was community property.

The evidence in support of the finding that the conveyance was made with intent to defraud Minnie and William Dieterle is likewise sufficient. The uncontradicted facts are that judgment was rendered against M. Bekins on December 23, 1904, on the afternoon of which day he, unknown to his wife, voluntarily and without consideration therefor (other than $10) executed and filed for record a deed which purported to convey property of the value of $34,500, and which appellant testified was all the property he owned. Is not the inference from these facts irresistible that he intended to place the property beyond the reach of respondents' judgment? No

rational mind could reach any other conclusion than that found by the court. (*Judson* v. *Lyford*, 84 Cal. 505, [24 Pac. 286].)

Section 3439, Civil Code, provides: "Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor." The court found that prior to the execution of the deed in question respondents were creditors of M. Bekins, and that the transfer of his property to his wife was made with the intent to hinder, delay and defraud them in the collection of their claim. Under these findings the conveyance was *void* as against respondents, and as to their judgment the title and ownership of the property remained in M. Bekins as fully as though no transfer had been attempted. "A void thing is as no thing." The deed was a nullity. "As against the fraudulent transferee, the creditor may seize the property, whether real or personal, as that of the fraudulent vendor, and may proceed to sell it under execution." (1 Freeman on Executions, sec. 136.) In *Bull* v. *Ford*, 66 Cal. 176, [4 Pac. 1175], the court, in discussing a transfer made with fraudulent intent, said: "The conveyance to defendant being void, as against Alvarado's creditors, the creditors were authorized to levy upon and sell the property as if no conveyance had ever been made by their debtor." (*Judson* v. *Lyford*, 84 Cal. 505, [24 Pac. 286]; *First Nat. Bank* v. *Maxwell*, 123 Cal. 360, [69 Am. St. Rep. 64, 55 Pac. 580]; *Hemenway* v. *Thaxter*, 150 Cal. 737, [90 Pac. 116]; *Bull* v. *Bray*, 89 Cal. 300, [26 Pac. 873].)

The intent to defraud existing creditors being established, the question as to the debtor having other property becomes immaterial for the reason that the attempted transfer as to such creditors is void. "Indeed, it matters not, where personal intent to defraud is shown, that the fraudulent conveyance, if allowed to stand, would not harm anyone, by reason of the fact that the debtor has other property ample in amount within the reach of his creditors." (2 Bigelow on Fraud, p. 393.) "A rich man may make a fraudulent deed as well as one who is insolvent." (*Hager* v. *Shindler*, 29

Cal. 60.) It therefore follows that the ruling of the court in permitting respondents to file an amendment to their answer pending trial, whereby they alleged the insolvency of M. Bekins, was at most harmless error. Adopting appellant's view of its importance, it was clearly within the discretion of the court and no abuse of discretion appears. In support of her contention that it must be shown that the debtor had no other property, not only at the time of the transfer, but at the time of the levy of execution thereon, appellant cites *Albertoli* v. *Branham,* 80 Cal. 631, [13 Am. St. Rep. 200, 22 Pac. 404], which seems to support her contention. The point involved there, however, was the sufficiency of the allegations of an answer which did not allege the transfer to have been made without consideration, nor that the debtor did not have other property sufficient to satisfy his debts. The learned judge who wrote that opinion made no reference to section 3439, Civil Code. In our judgment, it is opposed to direct statutory provision contained in section 3439, Civil Code, and contrary to later judicial expression of the supreme court wherein it is held in substance (*First Nat. Bank* v. *Maxwell,* 123 Cal. 360, [69 Am. St. Rep. 64, 55 Pac. 580]): If the fraudulent intent is found to exist, the conveyance is void, notwithstanding the debtor has other property ample in amount to satisfy his creditors.

The judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1907.