No. 2552

## YOUNG v. HOLMAN

July 3, 1923.                    216 Pac. 174.

1. Appeal and Error—On Appeal on Judgment Roll Alone, Only Errors Appearing on Face Thereof Considered.

   On appeal on the judgment roll alone, only errors appearing on the face thereof can be considered.

2. Pleading—Denial of Allegations of Answer Not Alleging Affirmative Defense Held Unnecessary.

   In suit to set aside a deed on the grounds of fraud, allegations that all the acts of the grantee, in connection with making loans to grantor and the purchase of the property by her, were made in good faith and without intent to defraud grantor's creditors, not constituting an affirmative defense to the action, a reply thereto was unnecessary.

3. Fraudulent Conveyances—Complaint Not Insufficient for Failure to Allege Grantee's Participation in Fraud.

   In suit to set aside a deed for nominal consideration on the ground of grantor's fraud, the complaint *held* not insufficient because it did not allege that grantee was a participant in the fraud claimed, it being immaterial how innocent grantee was.

4. Fraudulent Conveyances—Complaint in Suit to Set Aside a Deed Held Sufficient.

   To set aside a deed as fraudulent to grantor's creditors, a complaint which showed grantor's indebtedness to plaintiff,

a transfer of the property for nominal consideration during pendency of action in which plaintiff obtained a judgment against grantor, made to defraud plaintiff out of the satisfaction of such judgment, constituted a sufficient statement of fact to maintain the action.

5. APPEAL AND ERROR—ON APPEAL ON JUDGMENT ROLL ALONE, FINDING THAT CONVEYANCE WAS MADE TO DEFRAUD CREDITORS ASSUMED TO BE SUPPORTED BY EVIDENCE.

In suit to set aside a deed alleged as fraudulent to grantor's creditors, finding of the trial court that plaintiff was a creditor and that a conveyance was made · to grantee without actual value consideration at all commensurate with the value of the property will be assumed, on defendants' appeal on the judgment roll alone, to have been supported by the evidence. ·

6. APPEAL AND ERROR—ON APPEAL ON JUDGMENT ROLL ALONE, PRESUMPTION THAT REQUESTED FINDINGS WERE NOT SUPPORTED BY EVIDENCE.

On appeal by defendant on the judgment roll alone, it must be presumed that findings requested by defendant were not established by evidence.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Suit by Etta M. Young against James A. Holman and another. From a judgment and decree for plaintiffs, and from an order denying motion for new trial, defendants appeal. **Affirmed.**

*Platt & Sanford* and *John S. Sinai,* for Respondent:

It is unnecessary in plea of this nature to charge codefendant or grantee with participation in fraudulent acts, especially where conveyance was voluntary or for nominal consideration. Threlkel v. Scott, 34 Pac. 851; Gustin v. Mathews, 70 Pac. 402; Hill, Trusts, 163.

An allegation that conveyance was made with the intent to hinder, delay, or defraud creditors is sufficient, especially after judgment, in absence of demurrer (Bull v. Ford, 4 Pac. 1175), and even in face of special demurrer. Threlkel v. Scott, supra; Rountree v. Marshall, 59 Pac. 109.

A voluntary conveyance by husband, to his wife, which is intended or which tends to defraud existing creditors of husband, cannot be upheld against such creditors. Gwynn v. Butler, 28 Pac. 466; Bush &

Mallett v. Helbing, 66 Pac. 967; Gustin v. Mathews, supra.

It would appear, from fact that no assignment of errors having been filed, that the court cannot consider anything but judgment roll.

*Milton M. Detch,* for Appellants.

By the Court, DUCKER, C. J.:

This case is a suit in equity to set aside a deed of conveyance upon the grounds of fraud and to have a certain judgment declared a lien upon the property and premises described in said deed. For convenience the parties will be referred to as designated in the court below.

Among other things it is averred in the complaint that on the 1st day of March, 1920, and since, James A. Holman has been indebted to plaintiff for damages inflicted upon her for a tort committed by him, in that he wilfully, maliciously, wantonly, wrongfully, and unlawfully ejected her from a certain house and premises owned by him, and then and there under lease to her, and to the possession of which she was lawfully entitled, which said premises were situate in the city of Reno, county of Washoe, State of Nevada; that she instituted an action against him for said tort and recovered a judgment in the sum of $1,680, together with costs in the sum of $278.01 and interest thereon; that said judgment has been duly docketed by the clerk of the court, and the amount thereof is now and ever since has been a lien upon all the real property of said James A. Holman; that the entire amount is now due and owing from him to plaintiff; that on the 2d day of March, 1921, execution was duly issued on said judgment and placed in the hands of the sheriff of Washoe County, State of Nevada; that said sheriff levied upon all the property which he could find in the name of James A. Holman, and made due return thereon which shows the judgment unsatisfied, and that the said sheriff has been unable to find any property belonging to James A. Holman in Washoe

County, and not exempt from execution, sufficient to pay any part of said judgment, costs, and interest; that at the time of said conveyance Holman did not have, and at the present time has not, sufficient property subject to execution to pay his debts, and ever since has been and now is insolvent.

It is further alleged that after the filing of the complaint, and during the pendency of this action, Holman executed and delivered to said Julia Holman a certain deed of property described in the complaint, held and owned by him and situated in the city of Reno; that said deed was a fraudulent conveyance, made, executed, and delivered in fraud of plaintiff's rights, with the intent then and there had to defraud her, a creditor of his, of her rights in and to said property and any subsequent judgment or lien against it; that said conveyance was made for the express purpose of hindering, depriving, and defrauding the plaintiff as a creditor of her right to realize upon, collect, and satisfy any judgment that she might secure in said action, by attempting to transfer ownership held by the said James A. Holman in and to said property to the defendant Julia Holman, for the express purpose of attempting to place title to said property in the name of some other person, in order that it might not be subject to levy by execution in the event a judgment were entered in favor of plaintiff and against defendant Holman in said action; that as a part and ingredient of the fraud and scheme aforesaid Holman executed and delivered said deed of conveyance to the defendant, Julia Holman, whose true name was at the time of said conveyance, and is now, Julia Baker, and that defendant Holman's scheme and fraudulent purpose was to give a colorable impression that the said grantee, at said time, was his true and lawful wife, which he then and there knew was not the fact; that his purpose and reason for naming said grantee as aforesaid, although intentionally and purposely avoiding to characterize her as his wife in said deed, was to fraudulently and wrongfully convey the

impression that said conveyance was made to an immediate member of his family, so as to fraudulently and falsely explain away the nominal consideration thereof, give color to the bona fides of said conveyance, and render it less open to attack and from suspicion of fraud; that said defendant, Julia Holman, since the filing of said complaint and action for damages, has openly and notoriously used the name Julia Baker, which plaintiff alleges upon information and belief to be her true name, has appeared in court upon divers and sundry occasions, by pleading and notarial acknowledgment, under said name, and ever since and long prior thereto has engaged in intimate, friendly, and fiduciary relations with the said James A. Holman; that said relationship has been and now is notorious in the community in which they live, to wit, Reno, Nevada; and plaintiff alleges upon information and belief that said deed of conveyance was fraudulently executed and delivered as aforesaid, without actual consideration at all commensurate with the then value of said property and premises, and with the illegal, wrongful, wanton, and wilful intent, knowledge, and purpose then and there had by the defendant James A. Holman to defraud plaintiff out of satisfaction of such judgment as she should obtain in said action, by wilfully, illegally, wantonly, and fraudulently depriving himself of record title to said property and premises and to render himself judgment proof.

To this complaint the defendants filed separate answers, denying, among other matters alleged in the complaint, the allegations of fraud, and setting up affirmative defenses which are identical. In substance these defenses are as follows: That on or about the 1st of July, 1917, and up to and including the 1st day of August, 1920, said Julia Holman was the owner of and conducting a business in the name of Julia Baker, known as 219 Peavine Street, in the city of Reno, county of Washoe, State of Nevada; that some time in the spring of 1918 she became acquainted with the defendant, James A. Holman, and that subsequently,

and on, to wit, the 17th day of July, 1920, the said defendant, Julia Holman, was married to the said defendant, James A. Holman, at Auburn, Placer County, State of California, and they ever since have been and now are husband and wife; that on or about the 1st day of April, 1918, long prior to her marriage with the said defendant James A. Holman, and prior to the execution and delivery of the conveyance in controversy, the defendant Julia Holman, then known as Julia Baker, at the said city of Reno, loaned to the defendant, James A. Holman, divers sums of money, amounting in the aggregate to the sum of $10,200; that the said James A. Holman agreed to pay her on demand, and on numerous and divers occasions the said Julia Holman has made due demand upon him for the repayment of the sums of money so loaned by her, and which said sums he has wholly failed, refused, and neglected to pay; that the same are now due and owing by him to her, together with legal interest thereon; that some time prior to the 7th day of February, 1920, the said defendant Julia Holman discussed with her husband the advisability of purchasing the Belle McMillan property, situate at No. 125–127 West Liberty Street, in the city of Reno, and that on the 7th day of February, 1920, the said James A. Holman, for and on behalf of the said Julia Holman, made the first payment of $250 on said property, the total purchase price being $6,000, and that on the 13th day of February, 1920, for and on her behalf, he paid the balance of the purchase price, being the sum of $5,750, and because of the fact that she was still conducting the business at 219 Peavine Street, in the city of Reno, she directed the owner of the property that the deed for said premises should be made in the name of James A. Holman; that on that date the deed was duly made, executed, and delivered by the owner of the premises to the defendant James A. Holman, for lot No. 6 in block 14 in Lake's South addition, giving a frontage of 47 feet and 6 inches on Liberty Street, with an average depth of 140 feet to an alley, and which said lot is situate in the said

city of Reno, together with all the tenements, heredita-
ments, and appurtenances thereunto belonging or in
any wise appertaining; that subsequent to the pur-
chase of said premises the defendant Julia Holman
caused to be placed thereon improvements, furniture,
and fixtures of the value of approximately $29,000;
that she paid for the said property and all the improve-
ments, furniture, and fixtures thereon and therein, and
that all of the money so paid out was money that she
had accumulated as the result of her own personal
efforts; that at the time of the making of said deed by
the owner of said property to James A. Holman, he
(Holman) agreed that he would transfer said prop-
erty to her at any time, upon demand, or as soon as she
disposed of the business above referred to as being
conducted at 219 Peavine Street; that at the time of
making the first loan by her to him, and up to the
present time, he was and now is insolvent, and that
there is no community property as the result of said
marriage; that the money with which the first two pay-
ments was made on said property was kept in the
personal private deposit box of the defendant Julia
Holman in the First National Bank of Reno, and by
her shortly prior to the completion of said deal with-
drawn in cash and delivered to him, and he subse-
quently deposited said money in said bank, and it was
by him paid to the owner of said premises, or the agent
of said owner, and that the money necessary for the
additions and improvements placed on said property
was taken out of her personal deposit box in said bank,
or was procured by the sales of real estate and other
property belonging to her, and that all of the money so
paid was from her separate funds, the result of her
personal earnings; that on or about the 1st day of
August, 1920, the said defendant Julia Holman, having
disposed of her said business at 219 Peavine Street,
moved to the said premises at No. 125–127 West Lib-
erty Street, in said Reno, and took actual possession of
the same, collecting the rents therefor, paying the bills
incurred in the conduct of her premises, and that since

said time she has had sole and complete charge of said premises; that shortly after taking possession of said premises she demanded that he transfer said property to her, and that on, to wit, the 23d day of November, 1920, he did deed to her the property in controversy, and on, to wit, the 15th day of December, 1920, she caused the same to be recorded in the office of the county recorder of said Washoe County; that on or about the 12th day of May, 1921, she gave the Farmers' and Merchants' Bank of Reno a first mortgage upon the premises in controversy in this action for the sum of $2,000, and the same is now due, owing, and unpaid; that at the time of the execution and delivery of said deed there was in force and effect on said property insurance in the sum of $20,000, and at said time the said James A. Holman caused an assignment of such insurance to be made to her, and that later, on, to wit, the 20th day of January, 1921, she had additional insurance taken out in her own name on said property in the sum of $10,000; that all her acts and doings in connection with the making of the loans as aforesaid to him, and in the purchase of the premises in controversy, were made in good faith and without any intent, purpose, or design to defraud the creditors of said defendant James A. Holman.

The plaintiff filed replies to the affirmative matters set up in the answers. The replies contain denials of all the allegations of the affirmative defenses, except the averments that Julia Holman was the owner of and conducting a business in the name of Julia Baker, known as 219 Peavine Street, in the city of Reno, and her marriage to James A. Holman, and except also the allegation that all her acts and doings, in connection with the making of the loans to James A. Holman, and in the purchase of the property in controversy, were made in good faith and without any intent, purpose, or design to defraud his creditors.

The action was tried before the court without a jury. Findings were made in accordance with the allegations of the complaint, and judgment and decree rendered,

setting the deed aside on the ground of fraud, and declaring the judgment in favor of the plaintiff against him to be a lien upon the property and premises in controversy. From the judgment and decree so rendered, and the order denying the motion for a new trial, this appeal is taken.

1. The appeal is before us on the judgment roll alone. Consequently we can consider only such errors as may appear upon the face thereof.

2. It is contended that the defendants are entitled to judgment on the pleadings, for the reason that the allegations last mentioned in the statement of facts are not controverted by the replies; that they establish a complete defense to the action and must be taken as true under the provisions of Stats. 1915, p. 193, sec. 4. The averments in the answers that all of the acts and doings of the defendant Julia Holman, in connection with the making of the loans to defendant James A. Holman and the purchase of the property in controversy, were made in good faith and without any intent, purpose, or design to defraud his creditors, do not constitute an affirmative defense to the action, and a reply was unnecessary. Giving them their broadest effect, they are merely a denial of the fraud alleged in the complaint.

3, 4. It is also insisted that the complaint is insuficient because it is not alleged therein that Julia Holman was a participant in the fraud claimed. This contention is untenable. It is immaterial how innocent the grantee was. Judson v. Lyford, 84 Cal. 505–508, 24 Pac. 286; Gustin v. Mathews, 25 Utah, 168, 70 Pac. 402. The complaint sets forth facts showing that James A Holman was indebted to plaintiff; that the transfer of the property in controversy by him to his wife for a nominal consideration, during the pendency of the action in which plaintiff obtained a judgment against him, was fraudulent, and made by him for the purpose of defrauding plaintiff out of satisfaction of such judgment. These allegations constitute a sufficient statement of fact to maintain the action.

Hager v. Shindler, 29 Cal. 47; Bull v. Ford, 66 Cal. 176, 4 Pac. 1175.

5. It appears from the pleadings that the conveyance in this case was made by a husband to a wife, and in this connection defendants contend that such a conveyance in consideration of money loaned by her, even though made during the pendency of a suit, is valid as against creditors, if not made with the intent to hinder and delay creditors. As to this contention, it is sufficient to say that the trial court expressly found that plaintiff was a creditor of the husband, and that the conveyance was made without actual valuable consideration at all commensurate with the then value of said property, and for the purpose of hindering, depriving, delaying, and defrauding plaintiff, as a creditor, of her rights to realize upon, collect, and satisfy any judgment she might secure by transferring ownership of the property to the defendant Julia Holman. These findings are within the issues, and as we are confined to the judgment roll we must assume that they are supported by the evidence.

6. As we cannot look beyond the judgment roll, we must also presume that the findings requested by defendants, to the extent that, while the legal title to said property stood in the name of James A. Holman at the time it was conveyed by the owner to him, said legal title was taken in his name as trustee for the defendant Julia Holman, were not established by the evidence. The findings made support the judgment. There are no errors in the judgment roll. The judgment and decree of the lower court must be affirmed.

It is so ordered.